GUIDRY, J.
|2The children of a deceased nursing home resident appeal a trial court’s judgment finding their wrongful death and survival action claims, premised on alleged medical malpractice and violations of the Nursing Home Residents’ Bill of Rights, prescribed. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The decedent, Robert Parks, suffered from a variety of health problems, including Alzheimer’s, which required that he receive skilled nursing care. While a resident of Louisiana Guest House, Inc., a nursing home, Mr. Parks developed decub-iti (bed sores), which allegedly became infected and caused him to contract pneumo *610 nia and sepsis. On April 29, 2003, Mr. Parks filed a petition for damages against Louisiana Guest House, Inc., alleging medical malpractice and violations of La. R.S. 40:2010.8-2010.10, the Nursing Home Residents’ Bill of Rights, because of the bed sores he had developed while a resident of Louisiana Guest House. According to the petition for damages filed by Mr. Parks, he resided in the nursing home from March 5, 2002, to June 18, 2002.
Because Mr. Parks alleged that his injury resulted from medical malpractice, he also filed a request for review of his malpractice complaint with the Division of Administration on April 29, 2003.[1] The only claimant named in the malpractice complaint was Mr. Parks, but in addition to Louisiana Guest House, Inc., he also named Dr. Jerry V. Williams, nurses Renee Johnson, Alice Williams, and Norma G. Martin, and certified nursing assistants Janet Williams and Berry Shopshire, as defendants in his request for review. Although the request for review was timely filed, because the matter had not yet been reviewed by a medical review panel, in accordance with the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41-49, | .^Louisiana Guest House, Inc. filed a dilatory exception raising the objection of prematurity to Mr. Parks’ petition for damages. The trial court overruled Louisiana Guest House, Inc.’s exception, and the nursing home appealed that judgment to this court. On appeal, this court reversed and remanded the matter with instructions to stay the proceedings pending presentation of the claims to a medical review panel. See Parks v. Louisiana Guest House, Inc., 04-0516 (La.App. 1st Cir. 3/24/05), 898 So.2d 638 (unpublished opinion). A decision of the medical review panel was rendered on November 2, 2004, finding none of the defendants named in the malpractice complaint had violated the applicable standard of care.
Mr. Parks died on September 23, 2003. On February 7, 2005, a petition alleging wrongful death and survival action claims, premised on the same negligent conduct alleged in Mr. Parks’ April 29, 2003 petition for damages, was filed by Mr. Parks’ children, Chad Parks, Robbyn Parks, and Jadah Parks, and by Mr. Parks’ widow, Doris Parks, individually and on behalf of her deceased husband (collectively “plaintiffs”).[2] All of the defendants named in the medical review panel request were named as defendants in the plaintiffs’ petition. Louisiana Guest House, Inc., Renee Johnson, Alice Williams, Norma G. Martin, Janet Williams, and Berry Shopshire (collectively “LGH”) filed an answer to the plaintiffs’ petition on June 1, 2005, and Dr. Williams filed a separate answer to the plaintiffs’ petition on June 28, 2005. On May 19, 2006, the trial court granted a motion to consolidate the plaintiffs’ suit (docket number 528,994) with the suit previously filed by Mr. Parks (docket number 507,047). Thereafter, summary judgment was signed in favor of Dr. Williams on August 8, 2006, dismissing the plaintiffs’ claims against him, with prejudice.[3] The consolidated actions remained pending against LGH.
*611 |4On May 17, 2013, LGH filed a peremptory exception urging the objection of prescription as to the plaintiffs’ suit (docket number 528,994). In urging the objection of prescription, LGH pointed out that the plaintiffs’ wrongful death and survival action claims were premised on allegations of medical malpractice and that all the defendants were qualified healthcare providers. Thus, LGH asserted that the plaintiffs were required to present their claims to a medical review panel, which LGH alleged plaintiffs did not do. LGH further stated that the plaintiffs’ claims were premised on medical care and treatment that terminated on June 18, 2002, and that Mr. Parks had died on September 23, 2003. Accordingly, LGH stated that more than one year had elapsed since the last alleged act of malpractice, as well as since the death of Mr. Parks, and the date the plaintiffs filed suit on February 7, 2005. Thus, LGH argued that under either La. R.S. 9:5628 or La. C.C. art. 3492, the plaintiffs’ claims should be deemed prescribed. See La. C.C. art. 2315.2(B).
In a separate pleading, LGH also filed peremptory exceptions raising the objections of no cause of action and no right of action relative to Mr. Parks’ suit (docket number 507,047). In objecting to Mr. Parks’ petition, LGH argued that because no one had been substituted as party plaintiff for Mr. Parks following his death on September 23, 2003, the action could not be maintained. LGH further argued that a claim under the Nursing Home Residents’ Bill of Rights could be maintained against the nursing home facility only and could not be asserted against individual staff members of the nursing home.
The trial court scheduled all the exceptions to be heard on the same date, but before the hearing was held, LGH filed a motion for summary judgment and another peremptory exception raising the objection of prescription. In seeking summary judgment, LGH alleged that the plaintiffs “have produced no admissible evidence sufficient to sustain the burden of proving that the nursing staff failed to |smeet the applicable standard of care or that their negligence caused injury to Robert Parks or any plaintiff.” In reurging prescription, LGH again asserted that the “plaintiffs’ claims are barred by the passage of the applicable one-year prescriptive period.” The trial court set the hearing for the motion for summary judgment and the re-urged objection of prescription on the same date as the pending exceptions.
Following the hearing on all the exceptions and the motion for summary judgment, the trial court rendered judgment sustaining the exception based on prescription as to the plaintiffs’ claims asserted under docket number 528,994, and in so finding, the trial court denied LGH’s motion for summary judgment as moot. The trial court also sustained the exception urging no right of action as to.Mr. Parks’ suit under docket number 507,047, but granted fifteen days for the defect in Mr. Parks’ suit to be cured.[4] The plaintiffs moved for a devolutive appeal of the judgment sustaining the exception based on prescription, which motion was granted by the trial court.
DISCUSSION
The liberative prescription applicable to actions for medical malpractice against qualified healthcare providers, such as LGH, is governed by special legislation contained in the Medical Malpractice Act, La. R.S. 40:1299.41-1299.49, and in La. *612 R.S. 9:5628. See LeBreton v. Rabilo, 97-2221, pp. 7-8 (La.7/8/98), 714 So.2d 1226, 1229. In particular, La. R.S. 9:5628 states, in pertinent part:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist,, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought |fiunless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
[[Image here]]
C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1299.41 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1299.42 and 1299.44.
The one-year and three-year prescriptive periods contained in La. R.S. 9:5628 for medical malpractice claims can be suspended in accordance with La. R.S. 40:1299.47(A)(2)(a), which statute provides, in pertinent part:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following, notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part.... The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfea-sors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
The unique question presented in this appeal[5] is whether the request for review of a malpractice complaint filed by Mr. Parks served to suspend the running of prescription in favor of the plaintiffs, who were not named as claimants in the request nor did they file a separate or supplemental request for review. The trial court relied on La. R.S. 40:1299.47(A)(1)(b)(iii) to find that it did not.
|7Subparagraph (b)(iii) of La. R.S. 40:1299.47(A)(1), the provision relied on by the trial court, lists the requirement that a request for review of a malpractice complaint must contain the “names of the claimants.” The Louisiana Legislature, by 2003 La. Acts, No. 961, § 1, amended La. R.S. 40:1299.47(A)(1) to add subparagraph (b), which, for the first time, provided a list of information that must be contained in a *613 request for review of a malpractice complaint. However, Section 3 of that same Act provided “[t]he provisions of this Act shall not affect claims filed before the effective date of this Act.” Mr. Parks’ medical malpractice complaint was filed on April 29, 2003. The Act became effective August 15, 2003.[6] Prior to the effective date of 2003 La. Acts, No. 961, La. R.S. 40:1299.47 provided no required format for the filing of a request for review of a malpractice claim. See Perritt v. Dona, 02-2601, p. 13 (La.7/2/03), 849 So.2d 56, 65; Ward v. Vivian Healthcare and Rehabilitation Center, 47,649, p. 11 (La.App.2d Cir.5/15/13), 116 So.3d 870, 877.
The plaintiffs are correct in their assertion that the provisions of La. R.S. 40:1299.47(A)(l)(b), and specifically La. R.S. 40:1299.47(A)(l)(b)(iii), did not exist at the time Mr. Parks filed his request for review. Still, we find no merit in the plaintiffs’ assertion that the April 29, 2003 request for review filed by Mr. Parks suspended the running of prescription in their favor. The plain language of La. R.S. 40:1299.47(A)(2)(a) prohibits this result. In pertinent part, the statute expressly provides that the filing of a request for review of a malpractice claim “shall suspend the time within which suit must be instituted ... until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the medical review panel.” (Emphasis added.) This | slanguage clearly indicates that only the person or persons who actually presented a “claim” for review are entitled to the suspension of prescription granted under La. R.S. 40:1299.47(A)(2)(a).
Furthermore, we observe that the legislature expressly provided that the filing of a request for review “shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfea-sors, including but not limited to health .care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review,” thereby making the suspension of prescription invoked by the filing of the request effective against all other unnamed, potentially liable defendants. See La. R.S. 40:1299.47(A)(2)(a). Yet, the legislature did not provide for a similar application of the statute to benefit all other unnamed potential plaintiffs or claimants. We will not expand the application of the statute to so provide when the legislature has not done so, particularly in light of its ability to do so. See Ward, 47,649 at p. 7, 116 So.3d at 875. Accordingly, Mr. Parks’ request for review only served to suspend the running of prescription as to the claim that he filed and did not suspend the running of prescription in favor of the plaintiffs’ claims. Therefore, we find that the trial court did not commit legal error in sustaining LGH’s peremptory exception raising the objection of prescription.
CONCLUSION
Having carefully considered the applicable law and the record before us, we affirm the trial court’s judgment sustaining the peremptory exception raising the objection of prescription and dismissing the plaintiffs’ claims pursuant thereto. All costs of this appeal are cast to the plaintiffs, Chad Parks, Robbyn Parks, and Jadah Parks.
AFFIRMED.

. The letter by which Mr. Parks made his request for a medical review panel is dated April 28, 2003. The Louisiana Patient’s Compensation Fund recorded the request as being filed on April 29, 2003.

. Doris Parks died on February 24, 2005, shortly after the filing of the plaintiffs’ petition.

. The actual motion filed by Dr. Williams is not in the record before us. The summary judgment signed by the trial court, however, indicates that the motion was not opposed.

. A supplemental and amended petition was filed by Mr. Parks’ children, Chad Parks, Rob-byn Parks, and Jadah Parks Chatergee, to substitute themselves as party plaintiffs in place of their deceased father on August 29, 2013, in docket number 507,047.

. Specifically, in their brief on appeal, the plaintiffs alleged the trial court committed the following legal errors: (1) sustaining the objection of prescription when a request for review was filed with the Division of Administration less than one year after the alleged malpractice, and the plaintiffs filed a lawsuit less than 90 days after notification of the panel opinion; (2) applying current law that was not in effect at the time the malpractice claim was filed; and (3) essentially sustaining the objection of prematurity, which objection . should have been deemed waived as untimely raised.

. Article III, section 19 of the Louisiana Constitution, prior to amendment on January 1, 2012, provided that "[a]ll laws enacted during a regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held_How-ever,' any bill may specify an earlier or later effective date.”