DANIEL L. DYSART, Judge.
Ijn this medical malpractice action, Dennis Truxillo appeals the trial court’s judgment granting an exception of prescription and dismissing his claims. For the reasons that follow, we reverse. FACTUAL AND PROCEDURAL BACKGROUND
Terri Ann Truxillo, the mother of Jill Truxillo and Dennis Truxillo, underwent laparoscopic gastric bypass surgery on July 17, 2012, at Fairway Medical Center. She remained a patient at that facility until her death on August 2, 2012, following post-surgical complications.
Jill Truxillo filed a Medical Review Panel Request on May 9, 2013. On July 7, 2015, the medical review panel issued its opinion in which it found fault on the part of Fairway Medical Center. Ms. Truxillo then instituted this lawsuit on July 15, 2015.[1] Six days later, on July 21, 2015, a *974 First Supplemental and Amending Petition was filed, adding Dennis Truxillo as a plaintiff.
Dr. Roy Kite moved to have the claims of Mr. Truxillo dismissed on a peremptory exception of prescription, on the basis that Mr. Truxillo had not been named as a claimant in the request for a medical review panel. After a hearing , on IgDecember 4, 2015, the trial court granted the exception and dismissed all claims of Mr. Truxillo by judgment dated December 21, 2015.
This devolutive appeal followed.[2]
DISCUSSION
The precise issue in this case is res novo: whethér the suspension of prescription provided for in La. R.S. 40:1231.8 A(2)(a) applies only to those claimants who file a request for a medical review panel. Dr. Kite maintains that, because Mr. Trux-illo did not file á request for a medical review panel or join in his sister’s request, the amending petition by which he was added as a plaintiff, filed almost three years after the alleged malpractice, is untimely. We disagree.
There are no cases which address the specific issue with which we are presented; however, we find nothing in the Louisiana Medical Malpractice Act (“MMA”] that requires that all parties who may potentially have a claim against a health care provider invoke a medical review panel proceeding. To the contrary, the purpose of the MMA, together with the MMA’s express provisions and our jurisprudence interpreting it, leave no doubt that a medical review panel request need not be invoked by each and every person who may ultimately have a claim in medical malpractice. To hold otherwise would allow for the filing of multiple medical review panels by separate claimants for the same claims. This could result in numerous and varied medical review panel decisions, which, in turn, could result in more than one applicable prescriptive period for initiating suit, ah untenable result. As discussed more fully herein, we find that the suspension of the time period for filing suit, triggered by the filing of a medical review panel |3request, accrues to the benefit of all persons who have claims arising out of the alleged medical malpractice, including those who did not participate in requesting the medical review panel.
Claims for medical malpractice are governed by the MMA and the prescriptive period set forth in La. R.S. 9:5628, which provides, in pertinent part, that a medical malpractice claim must be filed “within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect....” La. R.S. 9:5628 A. Prior to filing suit, however, a medical malpractice claim “shall be reviewed by a medical review panel.” La. R.S. 40:1231.8 A(1)(a); Milbert v. Answering Bureau, Inc., 13-0022 (La.6/28/13), 120 So.3d 678, 684.
The time period for filing a lawsuit is suspended during the full time that a claim is pending before a medical review panel and for ninety days following notification to the claimant (or his/her attorney) of the panel’s opinion. La. R.S. 40:1231.8 A(2)(a).[3] Added to this period of time is *975 any time that remained between the alleged malpractice and the filing of the request for a medical review panel. As the Supreme Court noted in Guitreau v. Kucharchuk, 99-2570, p. 6 (La.5/16/00), 763 So.2d 575, 579, “plaintiffs in medical malpractice actions are entitled |4to the period of time, under LSA-R.S. 9:5628, that remains unused at the time the request for a medical review panel is filed.”
In the instant matter, the medical review panel issued its findings on July 7, 2013. There is no question that the original petition, filed' on July 15, 2013,: was timely. There is equally no question that the amending petition, filed on July 21, 2013, fell within the 90-day time périod as well. The only question, therefore, is whether Dennis Truxillo’s claim was suspended during the pendency of the medical review panel proceeding pursuant to La. R.S. 40:1231.8 A(2)(a).
We recognize that the MMA states that “[a] request for review of a malpractice claim ... shall contain, at a minimum, ... [t]he names of the claimants.” La. R.S. 40:1231.8 A(l)(b)(iii). Notably, however, there is nothing in the MMA which bars a person who was not named as a “claimant” in the request for a review panel from filing a lawsuit after the rendition of the panel’s decision.
Moreover, under the “[d]efinitions and general applications” provisions of the MMA, a “Claimant” is defined as “a patient or representative or any person, including a decedent’s estate, seeking or who has sought recovery of damages or future medical care and related benefits under this Part. All persons claiming to have sustained, damages as a result of injuries to or death of any one patient are considered a single . claimant.” La. R.S. 40:1231.1 A(4)(emphasis added). Under this definition, “any person” is considered a “Claimant”; the term “Claimant” is not limited to those persons for whom our laws afford a right of action. The explicit statement that all persons damaged by the alleged malpractice are considered a “single claimant” clearly contemplates the filing of a single request for a medical review panel, with the intent that the rights of all potential plaintiffs are protected.
| ^Furthermore, the statute provides that, subject to the requirement that all medical malpractice claims be submitted to a medical review panel first, “a claimant having a claim under this Part for bodily injuries to or death of a patient on account of malpractice may file a complaint in any court of law having requisite competent-jurisdiction and proper venue.” La. R.S. 40:1231.1 E(l)(emphasis added). The statute does not specify that only those claimants who had joined in the request for a medical review panel may file suit.
Our finding is consistent with the “intended purposes [of the MMA,] of reducing or stabilizing medical malpractice insurance rates and ensuring the availability of affordable medical services to the general public.” McGlothlin v. Christus St. Patrick Hosp., 10-2775, p. 7 (La.7/1/11), 65 So.3d 1218, 1225. The re *976 view panel process, therefore, is “designed to weed out spurious medical malpractice claims.” Spradlin v. Acadia-St. Landry Med. Foundation, 98-1977, p. 12 (La.2/29/00), 758 So.2d 116, 123. The requirement' that all claims be submitted to a medical review panel prior to the filing of a lawsuit is clearly designed to evaluate the facts allegedly giving rise to the malpractice claims from the perspective of the health care providers. Indeed, the medical review panel’s “sole duty [is] to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within. the appropriate standards of care.” La. R.S. 40:1231.8 G. “[N]o findings are made by the panel as to damages, and the findings of the medical review panel are not binding on the litigants.” Derouen v. Kolb, 397 So.2d 791, 794 (La. 1981). See also Perritt v. Dona, 02-2601, p. 13 (La.7/2/03), 849 So.2d 56, 65 (“the MMA does not specifically delineate that the parties are entitled to ‘notice.’ The claim is not required to be a fact pleading with the specificity that may be required of a | (¡petition in a lawsuit; rather, the claim need only present Sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the Act.”). There is, accordingly, ho focus whatsoever on the claimants' during the medical review panel process. A requirement that all potential parties plaintiff file the request for a medical review panel would serve no purpose at that stage of the proceeding.
We also find that the reasoning of the Louisiana Supreme Court decision of Warren v. Louisiana Med. Mut. Ins. Co., 07-0492 (La.12/2/08), 21 So.3d 186, on reh’g, (6/26/09), supports the conclusion that a medical malpractice action may be filed by a claimant who did not personally invoke the medical review panel. In Warren, a request for a medical review panel was filed by the widow and daughter of a man who died allegedly from the substandard care of his health care providers. After the panel issued its findings, the widow and daughter timely filed a wrongful death and survival action in the district court. Almost two years later (and three years after the alleged malpractice), an amending petition was filed by which the decedent’s other daughter was added as a plaintiff. The amending petition was met with an exception of prescription, which was denied by the trial court. A writ application was then denied by the appellate court.
The Supreme Court initially agreed with the lower courts, after applying the relation back doctrine set forth in La, C.C.P. art. 1153 and the factors set forth in Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La.1985) and finding that the amending petition related back to the timely filing of the original petition. On rehearing, however, the Court reconsidered its earlier decision, finding that the relation back doctrine was inapplicable in medical malpractice cases given that those claims “are governed exclusively by the specific 17provisions of the Act regarding prescription and suspension of prescription.” Warren, 07-0492, 21 So.3d at 208. The Court concluded that the amending petition had prescribed;
What is significant about the Warren case for purposes of the instant matter is that the Warren Court did not find, as it readily could have, that the second daughter’s claim was prescribed because she had not been included in the medical review panel request. Had the Court so found, it would not have needed to consider whether the amended petition related back.
Based on the foregoing, we conclude that the amending petition, adding Dennis Truxillo as a plaintiff to this action, was *977 timely. The trial court therefore erred in granting Dr. Kite’s peremptory exception of prescription.
CONCLUSION
For the reasons set forth herein, the judgment of the trial court granting Dr. Kite’s peremptory exception of prescription is reversed and the matter is remanded to the trial court for further proceedings.
REVERSED

. Named as defendants in the suit are Fairway Medical Center, Dr. Michael Thomas, Dr. Roy Kite and Dr. Frank Voelker.

. The Motion for Devolutive Appeal was timely filed on January 4, 2016, and the trial court granted the appeal by order dated March 5, 2016.

. The statute in effect at the time of the alleged malpractice was La. R.S. 40:1299.47. Pursuant to House Concurrent Resolution No. 84 of the 2015 Regular Session, Title 40 was recodified in its entirety and "LSA-R.S. *975 40:1299.47 was redesignated as LSA-R.S. 40:1231.8- [N]o substantive changes [were] made to former LSA-R.S. 40:1299.47 since 2012 La. Acts, No. 802.” In re Tillman, 15-1114, p. 1, n. 1 (La.3/15/16), 187 So.3d 445, 447. Accordingly, we refer to the statutes herein by their current designations, as did the Tillman Court.
The statute states, in pertinent' part, that "[t]he filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail ... to the claimánt or his attorney of the issuance of the opinion by the medical review panel.” La. R.S. 40:1231.8 A(2)(a).