# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-475


**JAMES E. GUFFEY, ET AL.**

**VERSUS**

**LEXINGTON HOUSE, LLC**


**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 260,912
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses G. Thibodeaux, Chief Judge, John D. Saunders, Phyllis
M. Keaty, Judges.


**WRIT DENIED.**

**Eric J. Miller**
**Bolen, Parker, Brenner, Lee & Engelsman, LTD.**
**P.O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPLICANT:**
**Lexington House, LLC**

**Brent P. Frederick**
**Michael T. Beckers**
**Danielle N. Goren**
**Frederick & Beckers, LLC**
**112 Founders Drive, Suite 101**
**Baton Rouge, LA 70810**
**(225) 372-6000**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
**George Guffey**
**James E. Guffey**
**James E. Guffey, o/b/o Geneva Guffey**

**SAUNDERS, Judge.**

Relator, Lexington House, LLC, seeks supervisory writs from the denial of its exception of prescription by the Ninth Judicial District Court, Parish of Rapides, the Honorable Patricia Koch, presiding.

## STATEMENT OF THE CASE

Geneva Guffey (Geneva) was a resident at Lexington House, a nursing home. In January of 2016, Geneva was 91 years old and had pneumonia, respiratory distress, chronic heart failure, dementia, chronic obstructive pulmonary disease, peripheral vascular disease, and varicose veins. On January 19, 2016, a Lexington House employee dropped Geneva while transferring Geneva from a bath chair to her bed. Geneva's right leg was badly cut. Geneva died on May 16, 2016, allegedly because the injuries she received caused an insurmountable decline in her overall condition.

On November 2, 2016, Deana Fredrick (Deana) requested the formation of a medical review panel. Deana is Geneva's granddaughter.[1] On May 19, 2017, Deana attempted to "supplement" the request for a medical review panel to include James Guffey (James) as a claimant and stated that she was the representative of Geneva's estate. On May 22, 2017, Lexington House filed an exception of no right of action grounded on the assertion that Deana was not a proper party claimant because as Geneva's granddaughter, she is not included in the list of beneficiaries who have the right to file a survival action under La.Civ.Code art. 2315.1 or a wrongful death action under La.Civ.Code art. 2315.2. The trial court denied the exception and agreed with the Plaintiffs' argument that the definition of "claimant" in La.R.S. 40:1231.1(A)(4) is not limited to those who will ultimately be allowed to assert a survival or wrongful death claim when the panel proceedings are concluded. *See*

---

[1] Deana's father was Geneva's son who died before Geneva. Deana was Geneva's caregiver for several years before Geneva went to Lexington House. Deana was the executrix of Geneva's estate and was the sole beneficiary of Geneva's will.

*Truxillo v. Thomas*, 16-168 (La.App. 4 Cir. 8/31/16), 200 So.3d 972. This court denied Lexington House's writ application, finding no error in the trial court's ruling. *In re Medical Review Panel Proceedings, Geneva Guffey v. Lexington House, LLC*, 17-829 (La.App. 3 Cir. 2/2/18), an unpublished writ decision.

The medical review panel issued an opinion on November 15, 2017, finding that Lexington House breached the standard of care with respect to the transfer. Two of Geneva's children, James and George,[2] filed suit individually and on behalf of Geneva in the district court on January 26, 2018. On February 13, 2018, Lexington House filed exceptions of vagueness and prescription. Those exceptions were heard on April 16, 2018. Plaintiffs stipulated to the removal of the allegations that were subject to the exception of vagueness (i.e., those that pled "other acts of negligence" and "any and all other damages"), and those were ordered stricken from the petition. The exception of prescription was denied, based on the reasoning in *Truxillo*, 200 So.3d 972, and on the finding that it had already been determined that Deana had a right of action. A written judgment was signed on April 26, 2018.

Lexington House timely filed a notice of intent to seek supervisory writs, and a return date of June 15, 2018,[3] was set. This writ application was timely filed. Plaintiffs filed their opposition on June 26, 2018.

No trial date has been set, and there are no other scheduled hearings.

## SUPERVISORY RELIEF

"A judgment denying an exception of prescription is an interlocutory judgment." *Eastern Solutions, Inc. v. Al-Fouzan*, 12-464, p. 3 (La.App. 3 Cir. 11/7/12), 103 So.3d 1190, 1192, *writ denied*, 12-2623 (La. 1/25/13), 105 So.3d 721,

---

[2] Geneva's will states that she has four children: Grady O. Guffey, Jr.; Otis Guffey; Kenneth Guffey (who predeceased her); and James "Buddy" Guffey.

[3] Lexington House sought an extension of the return date at the same time as the notice was filed.

2

*citing* La.Code Civ.P. arts. 927 and 1841. "The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933.

## ON THE MERITS

> The exception of prescription is governed by La.Code Civ.P. art. 927. . . . If evidence was adduced, the standard of review is manifest error[.] . . . The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted).

Plaintiffs offered, filed, and introduced the following documents:

A. Durable Power of Attorney, dated March 17, 2014, in favor of Deana Frederick from Geneva Guffey.

B. Attorney-Client Contract, signed January 26, 2016, between Geneva and Frederick & Beckers, LLC.

C. Request for Medical Review Panel dated November 2, 2016, listing claimant as "Deana Frederick, on Behalf of her Deceased Grandmother, Geneva Guffey[.]"

D. Affidavit of James Guffey, dated June 30, 2017, stating that Deana was acting on his behalf in the Medical Review Panel proceedings.

E. Affidavit of George Guffey (with the name "Grady O. Guffey" lined through), dated July 19, 2017, stating that Deana was acting on his behalf in the Medical Review Panel proceedings.

F. Supplement to Request for Medical Review Panel, dated May 18, 2017, adding James and Deana, as a representative of Geneva's estate, as claimants.

G. Medical Review Panel Opinion, dated November 15, 2017, finding that Lexington House breached the standard of care in its treatment of Geneva, that the breach was the cause of local discomfort, that the laceration was treated appropriately, and that the laceration did not exacerbate her chronic medical problems or contribute to her ultimate demise.

H. Judgment of Possession dated July 15, 2016.

3

I.  Last Will and Testament of Geneva, dated March 14, 2014, naming Deana as the executrix of her estate.

J.  Death Certificate for Geneva.

K.  Petition for Damages.

L.  Judgment of the Third Circuit dated February 2, 2018, in docket number 17-829.

M. Opposition to Writ Application in docket number 17-829.

An action in medical malpractice must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date of the discovery of the alleged act, omission, or neglect[,]" and "in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect." La.R.S. 9:5628. Louisiana Revised Statutes 40:1231.8(A)(2)(a) provides for a suspension of prescription "until ninety days following certification, by certified mail," of the issuance of the medical review panel opinion. In order for the suspension of prescription to be applicable, the request for the medical review panel must be correctly filed with the division of administration and the filing fee for same must be paid. Prescription is suspended as to the named party defendants, "all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified[.]" La.R.S. 40:1231.8(A)(2)(a).

A concise timeline of relevant events is as follows:

01/19/16    date of alleged malpractice

05/16/16    date of Geneva's death

11/02/16    date of the filing of request for panel by Deana

05/18/17    date of the filing of the amended complaint

11/15/17    date of issuance of panel opinion

4

02/02/18    date of writ denial in 17-829

01/26/18    date of filing of petition in district court

Lexington House argues that the petition filed in the district court on January 26, 2018,[4] is prescribed on its face because it was filed more than one year after the date of the alleged malpractice (January 19, 2016, through May 16, 2016) and more than one year after the date of Geneva's death (May 16, 2016), and because the petition does not give the date that the request for the formation of a medical review panel was made. According to Lexington House, Plaintiffs must rely solely upon the argument that the filing of the complaint of malpractice made by Deana on November 2, 2016, suspended prescription in their favor. Lexington House's argument that the action is prescribed is founded on the assertions that Deana had no right of action to bring the claim for medical malpractice on behalf of Geneva and that Plaintiffs' claims cannot relate back to the date of the original filing of the request for a medical review panel for that reason. Lexington House contends that Deana has conceded that she has no right of action because she is not a party plaintiff in the present action.[5] Plaintiffs deny that they are arguing any relation back to the original filing because it was unnecessary for James and George to participate in the medical review panel proceedings since the claim filed by Deana suspended prescription as to them.

---

[4] The petition was filed within ninety days of the issuance of the panel opinion.

[5] Grandchildren are not included in the first class of beneficiaries in La.Civ.Code art. 2315.1 and do not step into the shoes of their deceased parents for purposes of the right action. *See Dufrene v. Avondale Industries, Inc.*, 01-1474 (La.App. 4 Cir. 8/22/01), 795 So.2d 456, *writ denied*, 01-2613 (La. 10/26/01), 799 So.2d 1156. We recognize that, even as succession representative, Deana is not the proper party plaintiff to bring the survival action **in the district court** because the succession representative has that right only in the absence of any of the enumerated classes. As discussed below, however, we find that the definition of "claimant" under La.R.S. 40:121231.1(A)(4) is not synonymous with the classes of beneficiaries listed in La.Civ.Code arts. 2315.1 and 2315.2.

5

"The Supreme Court conclusively established in *LeBreton v. Rabito*, 1997-2221, p. 9 (La. 7/8/98), 714 So.2d 1226, 1230, that the LMMA [Louisiana Medical Malpractice Act] applies to the exclusion of the general codal provisions found in our Louisiana Civil Code in determining the suspension or interruption of prescription in medical malpractice actions." *In re Benoit*, 17-802, p. 7 (La.App. 4 Cir. 4/11/18), 244 So.3d 44, 50. "The Act has no rules allowing relation back of pleadings for medical malpractice claims." *Warren v. Louisiana Med. Mut. Ins. Co.*, 07-0492, p. 4 (La. 12/2/08), 21 So.3d 186, 207-208, *on reh'g* (06/26/09).

Plaintiffs base their argument on *Truxillo*, 200 So.3d 972. In *Truxillo*, the patient died following gastric bypass surgery, and her daughter timely requested the formation of a medical review panel. The panel issued its opinion on July 7, 2013, and the daughter timely filed a petition in district court. Within the ninety day period, the petition was amended to add the patient's son as a plaintiff. He had not been a claimant in the medical review panel proceedings.

The defendants claimed that the son's action was prescribed. The fourth circuit stated:

> There are no cases which address the specific issue with which we are presented; however, we find nothing in the Louisiana Medical Malpractice Act ("MMA") that requires that *all* parties who may potentially have a claim against a health care provider invoke a medical review panel proceeding. To the contrary, the purpose of the MMA, together with the MMA's express provisions and our jurisprudence interpreting it, leave no doubt that a medical review panel request need not be invoked by each and every person who may ultimately have a claim in medical malpractice. To hold otherwise would allow for the filing of multiple medical review panels by separate claimants for the same claims. This could result in numerous and varied medical review panel decisions, which, in turn, could result in more than one applicable prescriptive period for initiating suit, an untenable result. As discussed more fully herein, we find that the suspension of the time period for filing suit, triggered by the filing of a medical review panel request, accrues to the benefit of all persons who have claims arising out of the alleged medical malpractice, including those who did not participate in requesting the medical review panel.

6

*Truxillo*, 200 So.3d at 974 (emphasis in original). The difference between *Truxillo* and this case is that Truxillo's daughter was unquestionably a proper party plaintiff under La.Civ.Code arts. 2315.1 and 2315.2.

Conversely, the first circuit has stated that:

> the statute expressly provides that the filing of a request for review of a malpractice claim "shall suspend the time within which suit must be instituted . . . until ninety days following notification, by certified mail, . . . ***to the claimant*** or his attorney of the issuance of the opinion by the medical review panel." (Emphasis added.) This language clearly indicates that only the person or persons who actually presented a "claim" for review are entitled to the suspension of prescription granted under La. R.S. 40:1299.47(A)(2)(a).

> Furthermore, we observe that the legislature expressly provided that the filing of a request for review "shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors . . . that are the subject of the request for review," thereby making the suspension of prescription invoked by the filing of the request effective against all other unnamed, potentially liable *defendants*. *See* La. R.S. 40:1299.47(A)(2)(a). Yet, the legislature did not provide for a similar application of the statute to benefit all other unnamed potential *plaintiffs* or claimants. We will not expand the application of the statute to so provide when the legislature has not done so, particularly in light of its ability to do so. *See Ward* [*v. Vivian Healthcare and Rehabilitation Center*], 47,649[,] [] p. 7 [(La.App. 2 Cir. 5/15/13),] 116 So.3d [870,] [] 875.

*Parks v. Louisiana Guest House, Inc.*, 13-2121, p. 8 (La.App. 1 Cir. 9/30/14), 155 So.3d 609, 613, *writ denied*, 14-2281 (La. 1/16/15), 157 So.3d 1131 (emphasis in original).

The difference between *Parks* and this case is that the patient in *Parks* died during the pendency of the medical review panel proceeding, and his children did not amend the complaint to the panel to include their claim for wrongful death. The claim for wrongful death was made for the first time when the petition was filed in district court after the medical review panel issued its opinion. The first circuit found that the medical review panel complaint filed by Mr. Parks before he died "only served to suspend the running of prescription as to the claim that he filed and did not

suspend the running of prescription in favor of the plaintiffs' claims" and dismissed the claims of his children. *Id.* In the present case, Geneva died before the request for a medical review panel was made, and the wrongful death claim was presented to the panel (which determined that her death was not the result of the alleged malpractice).

Lexington House urges this court to follow the reasoning of the first circuit in the most recent case: *Rickerson v. Audubon Health & Rehabilitation Center*,[6] 17-629 (La.App. 1 Cir. 12/21/17), (unpublished opinion), *writ denied*, 18-118 (La. 3/23/18), 239 So.3d 292.[7] This is the case with facts most similar to the present case. *Rickerson* involved a situation where two competing claims were filed by the decedent's parents and his children. The original complaint was timely filed after the patient's death, but it is unclear who filed it. The patient is listed as "deceased." The filing indicates that a copy of the complaint was sent to two of his children, but the complaint did not list them as claimants. Within a year of the patient's death, his parents filed a complaint with the division of administration. Then, more than a year after the death, the patient's children sought to amend the original complaint to add themselves as claimants.

The children filed suit in the district court within ninety days of the issuance of the panel's opinion, and the defendant healthcare provider filed an exception of prescription alleging that the children's complaint before the panel was not timely filed and did not interrupt prescription. The trial court dismissed the children's claims. The first circuit declined to follow *Truxillo*, 200 So.3d 972, and upheld the trial court's finding that the claims of the children were prescribed. The first circuit stated:

---

[6] *Rickerson* is not designated for publication.

[7] This case had not been decided at the time the writ in docket number 17-829 was filed.

While we recognize that the Fourth Circuit's opinion in *Truxillo* appears to be at odds with this court's earlier opinion in *Parks*, we are constrained to apply this court's holding in *Parks*, and, accordingly, we must conclude that the filing of the original complaint of malpractice naming "Joseph Triggs (Deceased)" did not serve to suspend the running of prescription as to the medical malpractice claims of Mr. Triggs's children.

*Rickerson*, 17-629, p. 4. The first circuit then addressed the relation back argument and stated:

In the instant case, application of the doctrine of relation back to the amended complaint adding Mr. Triggs's children as claimants would permit the adding of plaintiffs subsequent to the one-year prescriptive period provided for in LSA–R.S. 9:5628, thereby avoiding the application of that special prescriptive statute and reading out the prescription and suspension period provisions set forth in LSA–R.S. 9:5628 and LSA–R.S. 40:1231.8(A)(2)(a). *See Warren*, 21 So.3d at 207–208 (on rehearing). Thus, as instructed by the holding in *Warren*, we are constrained to conclude that the doctrine of relation back set forth in LSA–C.C.P. art. 1153 cannot be applied to allow the amended complaint adding Mr. Triggs'[s] children as claimants, which was filed more than one year after the alleged malpractice, to relate back to the timely filing of any other complaint.

*Id*. at p. 5.

As discussed above, this court has already considered a writ application by Lexington House on the issue of whether Deana had a right of action and found no error the trial court's ruling that she was, in fact, a proper claimant under the provisions of the LMMA. Plaintiffs contend that Lexington House is raising the same issue as in its exception of no right of action but calling it an exception of prescription. Plaintiffs argue that this court's disposition of "**WRIT DENIED.** We find no error in the trial court's ruling[]" is now law of the case. Lexington House argues that it is not law of the case because when the trial court ruled on the exception of no right of action, the trial court said "You're premature in [] filing whatever you're filing because if, in fact, the Medical Malpractice Act is just a prelude to a lawsuit, then when you get to the lawsuit[,] you might have a valid no right of action [sic] to the claim."

9

One of the issues raised in the writ application in 17-829 was that the trial court erred in failing to rule on the merits of the exception in finding that it was premature. However, we find that when the trial court denied the exception, it specifically stated that it would not "limit the process of the medical malpractice actions." Additionally, it is clear that this court considered the merits of the exception in its decision to deny the writ.

Moreover, the "denial of supervisory writs does not bar reconsideration of issues argued in the writ application on appeal."[8] *CLK Co., LLC v. CXY Energy, Inc.*, 07-834, p. 8 (La.App. 3 Cir. 12/19/07), 972 So.2d 1280, 1286, *writs denied*, 08-140 and 08-207 (La. 3/14/08), 977 So.2d 932, 937. And, "the law of the case doctrine is discretionary." *Suire v. Oleum Operating Co.*, 17-117, p. 18 (La.App. 3 Cir. 11/2/17), 235 So.3d 1215, 1229, *writ denied*, 18-279 (La. 4/6/18), 239 So.3d 827, and *writ denied*, 18-271 (La. 4/6/18), 240 So.3d 184.

We find that the issuance of the first circuit's opinion in *Rickerson*, 17-629, compels this court to reconsider the issue of whether Deana has a right of action. While this writ application presents an issue of prescription, we find that the issues of right of action and prescription are inextricably intertwined in this case.

"A request for a medical review panel is a prerequisite to and not the equivalent of a suit for medical malpractice." *Houghton v. Our Lady of the Lake Hosp., Inc.*, 03-135, p. 4 (La.App. 1 Cir. 7/17/03), 859 So.2d 103, 105-106. According to La.R.S. 40:1231.1(A)(4):

> "Claimant" means a patient or representative or any person, including a decedent's estate, seeking or who has sought recovery of damages or future medical care and related benefits under this Part. All persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant.

---

[8] We recognizes that this is not an appeal and that there is an argument as to whether the inclusion of the "we find no error" language precludes further review of this issue; however, that argument is for another day and is not germane to this case.

"Representative" is defined as "the spouse, parent, guardian, trustee, attorney or other legal agent of the patient." La.R.S. 40:1231.1(A)(4).

Deana had a power of attorney from Geneva for two years prior to Geneva's death. She was named executrix and sole beneficiary in Geneva's will. Although she did not specifically designate herself as the succession representative when the original complaint was filed, the complaint makes clear that she was filing on behalf of her deceased grandmother. She amended the complaint to reflect that she was the representative of the estate. When the exception of no right of action was filed, she introduced documents proving that she was the succession representative. Lexington House does not dispute the validity of those documents.

Louisiana Revised Statues 40:1231.8(B)(2)(a) now allows the health care provider to raise the peremptory exception of no right of action at any time, including before completion of the medical review panel process. The right to bring that exception was added by 2012 Acts No. 802, §1. There was no corresponding amendment to the definition of "claimant" even though 2012 Acts No. 538, § 1, did add subsection (L) to La.R.S. 40:1231.1.

Lexington House argues that to define "claimant" as broadly as the trial court did in this case and in *Truxillo*, 200 So.3d 972, would render La.R.S. 40:1231.8(B)(2)(a) meaningless because "absolutely anyone" could be a claimant. Lexington House's argument completely ignores the language used in the definition of "claimant."

"It is [] well established that the Legislature is presumed to enact each statute with deliberation and with full knowledge of all existing laws on the same subject." *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So.2d 16, 27. "[R]ules of statutory construction provide that when two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a

11

conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *City of Pineville v. Am. Fed'n of State, County, and Mun. Emps., AFL-CIO, Local 3352*, 00-1983, p. 4 (La. 6/29/01), 791 So.2d 609, 612.

There is a conflict between the definitions of which persons have a right of action under the Louisiana Civil Code and which persons can bring a claim under the LMMA. Although the legislature could have "Claimant" defined as those who have a right of action under either La.Civ.Code art. 2315.1 or 2315.2, it did not do so and specifically included "representative" and "a decedent's estate." La.R.S. 40:1231.1(A)(4). Furthermore, La.R.S. 40:1231.1(A)(4) does not state that the representative or the estate can be a claimant only when the classes of persons listed in La.Civ.Code arts. 2315.1 and 2315.2 do not exist.

We find that there is a difference between having a right of action to bring a complaint before the medical review panel and having a right of action to file suit in the district court once the panel proceedings are concluded. There must be a difference because there is the possibility that the patient will die after the conclusion of the panel proceedings but before the conclusion of any following litigation. Thus, a distinction between who can bring a claim before the panel and who can sue for damages after the conclusion of the panel proceedings is both reasonable and logical. The determination of who can bring a claim for damages is irrelevant to the definition of "claimant."

Lexington House's argument also ignores the last sentence of La.R.S. 40:1231.1(1)(4). Despite the first circuit's ruling in *Parks*, 155 So.3d at 613 (emphasis in original), the legislature did express an intent "for a similar application of the statute to benefit all other unnamed potential *plaintiffs* or claimants." If the singular term "claimant" is the basis for the first circuit's decision, then this basis

12

falls in light of the pronouncement that "[a]ll persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant." La.R.S. 40:1231.1(1)(4). "There is, accordingly, no focus whatsoever on the claimants during the medical review panel process." *Truxillo*, 200 So.3d at 976. Moreover, "[t]he explicit statement that *all* persons damaged by the alleged malpractice are considered a 'single claimant' clearly contemplates the filing of a single request for a medical review panel, with the intent that the rights of all potential plaintiffs are protected." *Id*. at 975 (emphasis in original).

Accordingly, we find that Deana is a claimant pursuant to La.R.S. 40:1231.1(A)(4) and that her filing of the request for the formation of a medical review panel suspended prescription as to all potential plaintiffs. *Truxillo*, 200 So.3d 972. For these reasons, we render that the trial court did not commit manifest error in denying the exception of prescription filed by Lexington House and that this writ application is denied.

**WRIT DENIED.** We find no error in the trial court's ruling.