STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-881 consolidated with 18-894


IN RE: MEDICAL REVIEW PANEL OF JULIA COLAR CASTLE


**********

SUPERVISORY WRIT FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-2270
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell and Jonathan W. Perry, Judges.


WRITS DENIED.


Marc W. Judice
James J. Hautot, Jr.
Judice & Adley
P. O. Drawer 51769
Lafayette, LA 70505-1769
(337) 235-2405
COUNSEL FOR DEFENDANT/APPLICANT:
    Dr. Deirdre McCullough

**Nelson William Wagar, III**
**Sarah W. Hickman**
**Wagar Hickman, LLC**
**3850 N. Causeway Blvd, #900**
**Metairie, LA 70002**
**(504) 830-3838**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Julia Colar Castle**

**Ryan M. Goudelocke**
**Jessica R. Reaux**
**Durio, McGoffin, Stagg, & Ackerman**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
    **Women's and Children's Hospital**
    **Dr. Floyd T. Carey**

**SAUNDERS, Judge.**

Relators, Dr. Deidre McCullough; The Regional Health System of Acadiana, L.L.C. d/b/a Women's and Children's Hospital (Regional Health System of Acadiana); and Dr. Floyd Carey, seek supervisory writs from the judgment of the Fifteenth Judicial District Court, Parish of Lafayette, the Honorable David Michael Smith, presiding, which denied Relators' exceptions of prescription.

## STATEMENT OF THE CASE

This case involves a medical malpractice action which is still pending at the medical review panel stage. On September 22, 2017, Plaintiff, Julia Colar, filed a Patient's Compensation Fund (PCF) complaint against Relators, Dr. Deidre McCullough and Dr. Floyd Carey, asserting claims of medical negligence in connection with an emergency c-section delivery that was performed on September 24, 2016, at Women's and Children's Hospital in Lafayette, Louisiana. On April 4, 2018, Plaintiff filed an amended PCF complaint asserting, for the first time, a claim on behalf of her minor daughter, Kyleigh Castle, who was born premature via the c-section delivery, and adding Relator, Regional Health System of Acadiana, as a party defendant. As is permitted by La.R.S. 40:1231.8(B)(2)(a), Relators filed two exceptions of prescription in the trial court while the case was still pending before the PCF. One exception was filed by Dr. McCullough, and one exception was filed by Regional Health System of Acadiana and Dr. Carey. In their exceptions of prescription, Relators assert that the claim of Plaintiff's daughter is prescribed on its face.

Following a hearing, the trial court denied the exceptions of prescription, and the parties have filed two separate writ applications seeking review of that ruling. The writ application filed by Dr. McCullough has been assigned this court's docket number 18-881, and the writ application filed by Regional Health System of

Acadiana and Dr. Carey has been assigned this court's docket number 18-894. Although these two writ applications have not been consolidated by this court, they will both be discussed in this single opinion.

## ON THE MERITS

Relators assert that the trial court erred when it denied their exceptions of prescription. Relators maintain that while Plaintiff's claim on behalf of herself was timely-filed, Plaintiff's claim on behalf of her minor daughter is prescribed. Relators note that pursuant La.R.S. 9:5628(A), medical malpractice actions must be filed within one year from the date of the alleged negligent act or within one year of the date of discovery of the alleged negligent act provided that the claims being filed within one year from the date of discovery must be filed within a period of three years from the date of the alleged negligent act in order to be considered timely. Relators also note that pursuant to La.R.S. 9:5628(B), the prescriptive period set forth in La.R.S. 9:5628(A) applies to minors also. Relators contend that because the claim of Plaintiff's minor child arises out of an alleged negligent delivery by c-section on September 24, 2016, the claim for Plaintiff's child needed to have been filed by September 24, 2017 to be timely. Relators note that the amended complaint which added a claim for Plaintiff's daughter was filed on April 4, 2018. Relators maintain that since the amended complaint was filed one-and-a-half years after the alleged negligent act, the claim for Plaintiff's daughter is prescribed on its face and that the burden shifts to Plaintiff to prove that prescription was interrupted or suspended.

Relators note that one of the cases on which Plaintiff relies in support of her position that her daughter's case is not prescribed is *Truxillo v. Thomas,* 16-0168 (La.App. 4 Cir. 8/31/16), 200 So.3d 972. In *Truxillo*, a deceased woman's daughter brought a medical malpractice claim against the decedent's doctor and hospital, and

the decedent's son, who did not participate in the medical review process, was later added as a party plaintiff after the daughter's lawsuit was filed in district court. The defendant in that case sought to have the son's claim dismissed as prescribed. The trial court dismissed the son's claim as prescribed; however, that ruling was reversed on appeal. The Louisiana Fourth Circuit Court of Appeal stated the following:

> There are no cases which address the specific issue with which we are presented; however, we find nothing in the Louisiana Medical Malpractice Act ("MMA") that requires that all parties who may potentially have a claim against a health care provider invoke a medical review panel proceeding. To the contrary, the purpose of the MMA, together with the MMA's express provisions and our jurisprudence interpreting it, leave no doubt that a medical review panel request need not be invoked by each and every person who may ultimately have a claim in medical malpractice. To hold otherwise would allow for the filing of multiple medical review panels by separate claimants for the same claims. This could result in numerous and varied medical review panel decisions, which, in turn, could result in more than one applicable prescriptive period for initiating suit, an untenable result. As discussed more fully herein, we find that the suspension of the time period for filing suit, triggered by the filing of a medical review panel request, accrues to the benefit of all persons who have claims arising out of the alleged medical malpractice, including those who did not participate in requesting the medical review panel.

*Truxillo*, 200 So.3d at 974.

In the instant case, Relators note that Plaintiff cites *Truxillo*, for the proposition that it was not necessary for a complaint to be filed with the PCF on behalf of Plaintiff's daughter and therefore, the amended PCF complaint which adds Plaintiff's daughter as a claimant is not untimely. However, Relators asserts that that proposition is not supported by the ruling in *Truxillo*. In that regard, Relators contend that the court in *Truxillo* relied on La.R.S. 40:1231.1(A)(4), which, in pertinent part, provides that "[a]ll persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant." Relators assert that unlike the *Truxillo* case, wherein both plaintiffs were seeking damages for injuries to "one patient," the instant case involves a situation in which

damages are being sought by two separate patients, namely, Plaintiff and her daughter. In that regard, Relators maintain that by the amended complaint filed in the instant lawsuit, Plaintiff is not seeking to have her daughter recover for injuries to Plaintiff. Rather, Relators contend that via the amended complaint, Plaintiff is seeking recovery for the injuries to her daughter, who is a separate patient. Relators argue that the claim of Plaintiff's daughter is subject to its own prescriptive period and that Plaintiff failed to raise the claim within the prescriptive period.

Relators point out that Plaintiff also relies on *Guffey v. Lexington House, L.L.C.*, 18-475 (La.App. 3 Cir. 8/22/18), 254 So.3d 1, *writ granted*, 18-1568 (La. 1/8/19), __ So.3d __, a case wherein this court held that a patient's granddaughter's request for a medical review panel suspended prescription of the claims of the patient's children. However, Relators assert that the *Guffey* case, which involved claims pertaining to a single patient, is also distinguishable from the instant case because the instant case involves claims pertaining to two patients rather than one.

Relators contend that because the injuries to Plaintiff's daughter allegedly occurred at the time of the child's birth on September 24, 2016, the claim for Plaintiff's daughter needed to have been filed either by September 24, 2017, or within one year of the date of discovery of the alleged negligent act. With regard to the discovery issue, Relators note that Plaintiff's daughter was born at thirty-one weeks gestation and that the newborn had to be placed in the neonatal intensive care unit until December 9, 2016. Relators also note that the numerous complications resulting from the preterm delivery of Plaintiff's daughter included intrauterine growth restriction, respiratory distress syndrome, upper airway obstruction, a distended abdomen, necrotizing enterocolitis, and risk of intraventricular hemorrhage. Relators maintain that the child's complications were evident to all and that those complications were specifically called to Plaintiff's attention on

4

November 30, 2016, when she was shown a chart indicating the child's poor head circumference and given special diet instructions to reduce the child's risk of poor brain development. Relators argue that although the extensive postpartum problems experienced by Plaintiff's daughter should have put Plaintiff on notice of her daughter's claim, Plaintiff did not file her daughter's claims until April 3, 2018, which was one-and-a-half years after her daughter was delivered prematurely by c-section. Relators maintain that at the very latest, prescription started to run on November 30, 2016, at which time Plaintiff had discovered enough information to put a reasonable person on notice of the alleged malpractice claim for her daughter. Relators contend that Plaintiff's failure to file her daughter's claim within a year of that "discovery date" resulted in her daughter's claim becoming prescribed.

In her oppositions to the instant writ applications, Plaintiff takes the position that the trial court properly denied Relators' exceptions of prescription. Plaintiff contends that the various acts of malpractice that were performed on September 24, 2016, that caused injuries to Plaintiff are the exact acts of malpractice that caused injury to Plaintiff's daughter. Plaintiff notes that pursuant to La. Code Civ.P. art. 683, she, as the mother, is the proper party to bring suit on behalf of her daughter. Also, Plaintiff contends that La.R.S. 40:1231.1(A)(4) contemplates that exact scenario and thus, allows a single representative to file a claim on behalf of all potential plaintiffs. Thus, Plaintiff contends that filing a timely claim with the medical review panel on her own behalf was sufficient to suspend prescription for all malpractice claims arising out of her c-section. In fact, Plaintiff maintains that even if she had not filed the amended petition adding her daughter as a claimant in the medical review panel proceedings, her daughter's case still would not have prescribed. In that regard, Plaintiff asserts that pursuant to *Truxillo*, 200 So.3d 972,

and *Guffey*, 254 So.3d 1, not each and every party who may ultimately file a medical malpractice lawsuit is required to file a request for a medical review panel.

Plaintiff points out that the sole purpose of the medical review process is for the medical review panel to determine whether the health care providers violated the standard of care. As such, Plaintiff maintains that there is no focus whatsoever on the claimants during the medical review process. Thus, Plaintiff maintains that a medical malpractice lawsuit may be filed on behalf of a person who did not participate in the medical review process. Plaintiff asserts that when she filed her timely request for a medical review panel on September 22, 2017, which was within one year of the alleged malpractice, that interrupted the running of prescription on her daughter's claim.

Plaintiff makes the alternative argument that her daughter's claim filed on April 4, 2018, is not prescribed because it was made within one year of the discovery of the alleged malpractice. Plaintiff cites *Campo v. Correa*, 01-2707, pp. 11-12 (La. 6/21/02), 828 So.2d 502, 510-11 (citations omitted), wherein the Louisiana Supreme Court stated the following:

> Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Nevertheless, a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. Even if a malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. The ultimate issue is the *reasonableness* of the

6

patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct.

In the instant case, Plaintiff contends that during the one-year period after her daughter's birth, the effects of the c-section were not apparent because her daughter was an infant. In fact, Plaintiff contends that it was not until her attorney had her case evaluated by a medical expert, James Tappan, in March 2018 that Plaintiff and her attorney realized that her c-section had been unnecessary and had caused damages of an unknown magnitude. Furthermore, Plaintiff maintains that her daughter's developmental delays were not fully appreciated until September 24, 2017. Plaintiff argues that even if some developmental delays were suspected before her daughter's first birthday, Plaintiff did not know that the developmental delays were caused by an unnecessary c-section until March 2018. Plaintiff contends that since her daughter's claim was filed within a year of that discovery date, the claim was timely filed.

We find that there is merit to Plaintiff's argument that her daughter's claim is timey under the discovery rule. The Louisiana Supreme Court has stated that "[t]he jurisprudence is well established that the mere fact that there is an injury during or following medical care or treatment is not an indication of substandard care that either the physician or hospital provided." *Campo*, 828 So.2d at 512 (citations and footnote omitted). In the instant case, although Plaintiff was aware of complications with her baby from the time of the child's premature birth by c-section in September 2016, it was not until March 2018 that Plaintiff allegedly discovered that the emergency c-section which caused her child's developmental problems had been performed unnecessarily. Because the claim for Plaintiff's daughter was filed within one year of the alleged discovery date, we find that the claim was filed within the

prescriptive period set forth in La.R.S. 9:5628(A).  Accordingly, the trial court did not err when it denied Relators' exceptions of prescription.

**WRITS DENIED.**  We find no error in the trial court's ruling.