MONROE, C. J.
Plaintiffs, who allege that they are the major grandchildren and heirs of Mrs. Catherine Cellos-Smith-Clark, appeal from a judgment sustaining an exception of no right or cause of action and rejecting their *525 demand for damages alleged to have been sustained by them and by their deceased grandmother, respectively, by reason of personal injuries sustained by the grandmother, and her death, resulting, as they aver, from the negligence of defendant and its servants.
The action purports to have been brought under Act 120 of 1908, amending and re-enacting Act 71 of 18S4, which had amended and re-enacted article 2315 of the Civil Code.
The act of 1884 read:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children or widow of the deceased, or either of them, arid in default of these, in favor of the surviving father and mother, or either of them., for the space of one year from the death. The survivors above mentioned may also recover the damages sustained by them by the death of * * * child, or husband or wife, as the case may be.”
The act of 1908 adds' to the beneficiaries, as thus specified, the following (the amendatory provision coming in after the word “them,” as above italicized), to wit:
“ ‘And in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death: Provided that should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children: Provided further, that the right of action shall accrue to the major children only in those cases where there is no surviving widow or minor * * * children.’ The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the-may be.”
Plaintiffs, in order to bring themselves within the statute, rely upon the definition of “children” as given in C. 'G. art. 3556, § 8, from which article, we quote as follows:
“Art. 3556 (3522). Whenever the terms of law, employed in this Code, have not been particularly defined therein, they shall be' understood as follows: * * *
“8. Children — Under this name are, comprehended, not only the children of the first degree, but the grandchildren, great grandchildren, and all other descendants'in the direct line.”
In Poydras v. Poydras et al., 1 La. 153, it appeared that Julien Poydras constituted his living nieces and nephews, children of his three brothers and one sister, his universal legatees, and it was asserted by the plaintiff in the suit, who was the sole surviving child of a nephew who had died before the testator, that she was included in the disposition. The court found that at the time of the testator’s death there were living one nephew and eleven nieces, children of thé testator’s brothers and sister, as also the plaintiff, daughter of the deceased nephew, and hence grandniece of the testator, and held that, under the terms of the will, only the children in the first degree of- the testator’s brothers and sister were so included. And so in Wharton, .Tutor, et al. v. Silliman, 22 La. Ann. 343, plaintiffs claimed recognition under a clause in their granduncle’s will reading:
“Item 8. I give and bequeath to the children of my late brother, Thos. Silliman, one-fourth of the remainder, to be divided equally with those that may be living at my death.”
It was admitted that plaintiffs were the grandchildren of the testator’s “deceased brother, Thos. Silliman,” and that their mother, the daughter of Thos. Silliman, was dead, and the district court sustained their demands. But this court said:
“It is clear from the language of this article [referring to article 3556 and the definition of “children” as therein contained] that this definition is confined to the word as used as a term of law in the Code itself, and to be applied where the context may require a construction or interpretation of its scope, but not when used in the ordinary affairs of men, or in written instruments, containing or evidencing their agreements, or the disposition of their property.”
And the demands of the plaintiffs were rejected.
In the more recent case of Walker v. Vicksburg, S. & P. Ry. Co., 110 La. 718, 34 South. 749, it was held that Act 71 of 1884 gave to grandchildren no right of recovery, and, though the present writer dissented in that case, he is now satisfied that the conclusion reached by the court was correct, albeit he is *527 still unable to concur in the view there expressed ' that the words, “minor children” may not as well include minor grandchildren as may the word “children” include grandchildren.
The learned judge of the district court, after referring to the decision above mentioned, and quoting the amendatory act of 1908 (which we also have quoted), disposed of the question here presented as follows:
“By that amendment a right of action is given:
“(1) To the widow and minor children;
“(2) In their default to the major children;
“(3) In their default to the father and mother ; and
“(4) In their default to the brothers and sisters.
“Thus the purpose of the amendment was simply to extend the right of action to major children and brothers and sisters, and, in order to include the major children, the Legislature said that the right of action should survive in favor of the ‘children or widow,’ instead of the ‘minor children or widow,’ as theretofore. But it made its will clear not to include grandchildren in the term ‘children,’ when in the proviso it divided [children] into majors and minors and gave the right of action to major children only in case there were neither widow nor minor children. Assuredly it was not in the contemplation of the Legislature that, when the deceased left a widow, minor children, major children, and minor grandchildren, children of said major children, the minor grandchildren, whose parents would have a right to sue, should concur with the widow and minor children. Nor did it enter the legislative mind that, when the survivors were major children and minor grandchildren, their offspring, the latter should exclude the former, or that, when the survivors were minor children and minor grandchildren, their children, the latter should concur with the former. Yet such would be the conclusion to which would lead the contention of plaintiff’s counsel that the term ‘children’ in article 2815 includes grandchildren. * * *
“Nor can grandchildren claim by virtue of representation, as is also contended by counsel for plaintiffs. The right of action is derived solely from article 2315 by the survivors therein named, and does not exist outside thereof. Underwood v. Gulf Refining Co., 128 La. 968 [55 South. 641].”
We may add to the foregoing that, as we understand the matter, it is only when the word “children,” as used in the Civil Code, is not particularly defined, or does not, when construed with reference to the body of the law and to the immediate connection in which it is used, convey another meaning (in which case it requires no definition), that the definition given in article 3556 may be invoked.
Thus the word “children,” as used in article 250, must be taken as meaning descendants in the first degree, not because it is particularly defined, but because that article declares that after the dissolution of marriage by the death of husband or wife the survivor becomes the natural tutor, or tutrix, of the minor children, and we know that the survivor under no circumstances becomes the natural tutor or tutrix of the minor grandchildren.
On the other hand, article 1493 declares that:
“Donations inter vivos or mortis causa cannot exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child; one-half, if he leaves two children; and one-third, if he leaves three or a greater number.”
But that provision is immediately followed by the definition:
“Under the name of children are included descendants of whatever degree they be, it being understood that they are only counted for the child they represent.”
So that, in the same article, we have the words “child” and “children” with a definition which extends their meaning to descendants in whatever degree, and the word “child,” used in the definition (but without itself being defined) in the sense of descendant in the first degree. •
[1,2] Our conclusion is that the word “children,” whether as used in the Civil Code or elsewhere, ordinarily applies to a distinct class of persons whose relations to those from whom they descend differ from the relations of grandchildren and other descendants, and, as used in the Code, that the word is to be so construed, with reference to the body of that law and to the immediate connection in which it is used, as to give it the *529 meaning plainly intended, rather than such meaning as might be deduced by proceeding upon the theory that the only part of the Code to be considered is the definition contained in article 3556. We further conclude that the word “children,” as used in article 2315 of the Civil Code, as amended and reenacted by Act 120 of 1908, does not include grandchildren or more remote descendants, upon whom, therefore, the article confers no right of action.
The judgment appealed from is accordingly affirmed.