SCHOTT, Judge.
This appeal is from a judgment sustaining exceptions of no right or cause of action and dismissing the wrongful death action brought by two grandchildren of the decedent.
Appellants’ argument that the word “children” in LSA-C.C. Art. 2315 includes grandchildren by virtue of definition No. 8 in C.C. Art. 3556 was specifically rejected in Hunt v. New Orleans Ry. & Light Co., 140 La. 524, 73 So. 667 (1916) and Walker v. Vicksburg S. & Pry. Co., 110 La. 718, 34 So. 749 (1903). However, appellants argue that these cases are not controlling because when they were decided Art. 2315 contained special provisions for the “minor child or children” as opposed to “major children,” whereas the present article as amended by Act 30 of 1960 speaks only of “child or children.” That no significance should be attached to the deletion of the words “minor” and “major” from the article, as most recently amended, is supported by dicta in Levy v. State, Char. Hos. P. of La. at N. Orleans Bd. of Ad., 253 La. 73, 216 So.2d 818, 820. Furthermore, the issue was just recently decided by this Court in Smith v. Manchester Insurance & Indemnity Co., 299 So.2d 517 (La.App. 4th Cir. 1974), writ refused 302 So.2d 617 (1974), where it was said:
“Monteil is not entitled to damages for the loss of her grandfather since she is not a member of the class of statutory beneficiaries recognized by Article 2315 of the Civil Code. Moreover, she is not entitled to recover damages for mental anguish which she might have sustained as the result of seeing her grandfather gravely injured.”
Accordingly, the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.
LEMMON, J., concurs specially and assigns reasons.
MORIAL, J., concurs for the reasons specially assigned by LEMMON, J.