| Judge STEVEN R. PLOTKIN.
Defendants, Avondale Industries, Inc., Peter Territo, Abert Bossier, Jr., and Steven Kennedy (hereinafter referred to collectively as “Avondale”), seek this court’s supervisory review of a trial court judgment denying their exception of no right of action/no cause of action against the claim filed by plaintiff, Corky Dufrene. For the reasons discussed below, we grant the writ, reverse the trial court judgment, grant the exception of no cause of action/no right of action, and dismiss Corky Dufrene as a plaintiff in this case.
FACTS
The instant case arises out of a petition for personal injury damages filed by the plaintiffs, Gerald and Shirley Dufrene, in February 2000, alleging that Mr. Dufrene contracted mesothelioma as a result of his *457 exposure to asbestos while employed by Avondale Shipyard from 1970 to 1975. On October 12, 2000, following Mr. Dufrene’s death on October 3, 2000, a second amending petition asserting survival and wrongful death claims was filed. The petition amended the suit to substitute as plaintiffs Mrs. Dufrene, the decedent’s six major children, and Corky Dufrene, the decedent’s son-in-law. Corky Dufrene appeared as plaintiff in |¡>his capacity as administrator and tutor of the estate of Tiffany Dufrene. Tiffany Dufrene is the daughter of Mr. Dufrene’s pre-deceased child, Charmine Dufrene, meaning that she is Mr. Dufrene’s grandchild.
Avondale responded with an exception of no right of action/no cause of action to all the wrongful death claims asserted by the plaintiffs in the amended petition, and an exception of no right of action/no cause of action in response to Corky Dufrene’s claims on behalf of Tiffany Dufrene. The wrongful death claims were dismissed on March 16, 2001, pursuant to applicable law relative to Avondale’s workers’ compensation immunity at the time of the decedent’s death. See Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262. The plaintiffs did not seek supervisory writs regarding the dismissal of the wrongful death claim.
On July 3, 2001, the trial court denied Avondale’s exception of no right of action/no cause of action filed in response to Corky Dufrene’s survival claims as administrator and tutor of the estate of Tiffany Dufrene. This application for supervisory writ followed.
Disposition of this writ application depends on the interplay of two different codal schemes. The applicable jurisprudence on this issue is sometimes confusing. The first question to be decided is whether the issue presented by this writ application is controlled by the survival actions article under general tort law, La. C.C. art. 2315.1, or by the general abatement of actions articles, La. C.C.P. arts. 426-428, combined with the substitution of parties articles, La. C.C.P. arts. 801 et seq.
The survival action article under general tort law, La. C.C. art. 2315.1, in part, provides:
| r>A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them if he left no spouse, child parent, or sibling surviving.
B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
On the other hand, the general abatement articles provide as follows:
Art. 426. Transmission of action and of right to enforce obligation
*458 An action to enforce an obligation is the property of the obligee which on his death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law. An action to enforce an obligation is transmitted to the obligee’s legatee under a particular title only when it relates to the property disposed of under the particular title.
These rules apply also to a right to enforce an obligation, when no action thereon was commenced prior to the obligee’s death.
Art. 427. Action against obligor’s heirs or legatees
An action to enforce an obligation, if the obligor is dead, may be brought against the heirs, universal legatees, or general legatees, who have accepted his succession, except as otherwise provided by law. The liability of these heirs and legatees is determined by the provisions of the Civil Code.
|4Art. 428 No abatement on death of a party
An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.
The substitution of parties articles provide, in pertinent part, as follows:
Art. 801. Voluntary substitution for deceased party; legal successor
When a party dies during the pen-dency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.
As used in Articles 801 through 804, “legal successor” means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration.
(Emphasis added.) Because La. C.C.P. art. 801 lists the survivors designated in La. C.C. art. 2315.1 as the persons given preference for substitution purposes, La. C.C. art. 2315.1 beneficiaries, if they exist, are the preferred parties both for purposes of substitution in a tort case filed by a decedent prior to death, and for purpose of filing a survival action.
The interplay between the two codal schemes quoted above has been explained by this court in Hellpenstell v. Bonnabel Hospital, 523 So.2d 887 (La.App. 4 Cir.1988), as follows:
Only where the victim has instituted a proceeding against the tortfeasor prior to his death is the right to continue that action upon his death governed by the abatement articles, C.C.P. Arts. 426 — 428 and the substitution articles, C.C.P. Arts. 801 et. seq. When no such action has been instituted prior to the victim’s death, the right to institute such an action after the victim dies is limited to those persons enumerated in Article 2315 as it existed at the time of [decedent’s] death.
| Jd. at 891. Because the instant suit was originally filed prior to Mr. Dufrene’s death, the general abatement articles coupled with the substitution of parties articles control the issue presented by this writ application. Thus, the La. C.C. art. 2315.1 beneficiaries-i.e., Mr. Dufrene’s surviving spouse and children-have the right to be substituted as parties plaintiff.
The trial court’s decision to deny the exception of no cause of action/no right of *459 action in this case is based on Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987). In Nathan, the Louisiana Supreme Court held that when a tort action has been filed prior to the death of the tort victim, a heritable property right exists even in-the absence of La. C.C. art. 2315.1 beneficiaries. Id. Thus, the court held, the right to continue the suit filed by the decedent passed to the decedent’s nephew, who was also the executor of the decedent’s succession, despite the fact that nephews are not listed as beneficiaries under La. C.C. art. 2315.1.
The trial court found that Tiffany Du-frene is an heir to the estate of Gerald Dufrene, and held that she therefore inherited a transferable property right as a succession right when Gerald Dufrene died, under the principles established by Nathan. Thus, the trial court said that Corky Dufrene, as tutor and administrator of Tiffany Dufrene’s estate, has both a cause of action and a right of action against Avondale.
However, the trial court’s decision ignores a pivotal fact in Nathan — i.e., that no La. C.C. art. 2315.1 beneficiaries existed because the decedent was not survived by any spouse, children, parents, or siblings. The Supreme Court interpreted La. C.C.P. art. 801 as follows in Nathan:
If there are C.C. art. 2315 beneficiaries in existence, they are the legal successors. If there are no C.C. art. 2315 beneficiaries, the legal successor is either the succession representative or the heirs, | fidepending on whether the estate is under administration. In the official comments to C.C.P. art. 801, comment (b) explains that C.C.P. art. 801 was amended so as to avoid any possible conflict with any of the provisions of Article 2315 of the Civil Code, as amended in 1960. Our interpretation creates no contradiction; the wording of C.C.P. art 801 clearly shows that C.C. art. 2315 beneficiaries are to be given preference in the definition of “legal successor.”
In the instant case, La. C.C. art. 2315.1 beneficiaries exist, in the form of Mr. Dufrene’s surviving spouse and children. In fact, surviving spouse and children are the very first level of beneficiaries established by La. C.C. art. 2315.1, followed by parents, siblings, and grandparents. Grandchildren are not listed as beneficiaries in La. C.C. art. 2315.1. Moreover, grandchildren may not be considered to “step into the shoes” of their deceased parents for purposes of La. C.C. art. 2315.1 because the article must be narrowly and strictly construed. See Day v. Day, 563 So.2d 441 (La.App. 1 Cir.1990). Accordingly, the trial court improperly denied Avondale’s exception of no cause of action/no right of action.
The trial court judgment denying Avon-dale’s exception of no cause of action/no right of action is reversed. The exception is granted and Corky Dufrene is dismissed as a plaintiff.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; EXCEPTION OF NO CAUSE OF ACTION GRANTED; CORKY DUFRENE DISMISSED AS PLAINTIFF.