| WILLIAM H. BYRNES III, Chief Judge.
Prior to his death, Joseph A. Mazoue instituted a tort action against those he felt were responsible for his asbestosis and mesothelioma. Not long after instituting the action, he died intestate. He was survived by one child, Jeanne Mazoue Marsh. Ms. Marsh was substituted as the legal successor of the decedent and in August of 2001, several years after the death of the decedent she settled the case.
Mr. Mazoue had another child, Gloria Mazoue Leahy, who predeceased him. *172 She was survived by two children, William Edward Leahy, II, and Pamela Carol Leahy Salvaggio, grandchildren of the decedent. Prior to the funding of the settlement, the grandchildren sought to intervene, asserting that the settlement proceeds are assets of the decedent’s succession and that as the children and heirs of their late mother, Gloria, they are proper party plaintiffs to prosecute their late grandfather’s action. Ms. Salvaggio qualified in St. Charles Parish as the ad-ministratrix of the decedent’s estate, and in that additional capacity sought to intervene to protect the action as a succession asset.
The trial court rejected the claims of the grandchildren in both their individual and representative capacities based on a literal reading of La. C.C. art. | ¡>2315.1 A(l). Grandchildren are not among the categories in favor of whom the legislature has created a survival action and the succession representative referred to in La. C.C. art. 2315.1 B may only act “in the absence of any class of beneficiary” described in the preceding paragraph of the 2315.1.
The grandchildren appeal in both their individual and representative capacities. Their strongest argument is that La. C.C. art. 3506(8) defines children as follows:
Children. — Under this name are included those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law, as well as descendants of them in the direct line. [Emphasis added.]
Appellants claim their right under La. C.C. art. 3506(8) as “descendants ... in the direct line.” This same argument was rejected by the Supreme Court in Hunt v. New Orleans Ry. & Light Co., 140 La. 524,73 So. 667, (La.1916). Although the language and numbering of the applicable code articles have changed somewhat in the years since Hunt was handed down, those changes are immaterial to the issue now before this Court. This Court fails to see why brothers and sisters of a decedent should be afforded a right of action where grandchildren would not, but the Supreme Court was aware of that when Hunt was decided. In this regard, we find that Hunt is still good law.
Similarly, in Dufrene v. Avondale Indus. Inc., 2001-1474 (La.App. 4 Cir. 8/22/01), 795 So.2d 456, writ denied 2001-2613 (La.10/26/01),799 So.2d 1156, this Court held the right to continue a tort action instituted prior to the tort victim’s death belongs to article 2315.1 beneficiaries, not to the tort victim’s heirs under succession law:
|¡j[G]randchildren may not be considered to “step into the shoes” of their deceased parents for purposes of La. C.C. art. 2315.1 because the article must be narrowly and strictly construed. See Day v. Day, 563 So.2d 441 (La.App. 1 Cir.1990).
Id., p. 6, 795 So.2d at 459.
The grandchildren rely on dicta in Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987), but as this court explained in Dufrene:
However, the trial court’s decision ignores a pivotal fact in Nathan — i.e., that no La. C.C. art. 2315.1 beneficiaries existed because the decedent was not survived by any spouse, children, parents, or siblings.
Id., p. 5, 795 So.2d at 459.
Therefore, Nathan has no bearing on the outcome of the instant case.
Accordingly, while, as a matter of policy, this Court may feel that the appellants have the stronger case, as a matter of law, which law we are bound to follow, the appellee must prevail. Therefore, on the *173 merits of the appellants’ main claim we find in favor of the appellee.
As we have decided that the appel-lee, Ms. Marsh, as the decedent’s sole surviving child, is the only party in whose favor La. C.C. art. 2315.1 establishes a right of action, we do not reach appellees’ arguments concerning the entitlement of appellee’s attorney to the fees he charged. Appellants have no right to attack the contingent fee paid by the appellee to her counsel.
Appellants raise questions of equal protection and due process. The appellee contends that the appellants did not raise these constitutional issues in a timely manner. Regardless of appellants’ timeliness, we find no merit in their constitutional arguments. We find no constitutional defect in the legislature’s affording a remedy to the class of surviving children that does not include the | ¿children of predeceased children. The fact that this Court might have created a different classification does not mean that it is an unreasonable classification. Additionally, the legislature is not required to follow succession law concerning the devolution of the claim of a personal injury upon his death. In fact, the legislature has never followed succession law in this regard, although nothing could be easier were it the intention of the legislature to do so. Such an action becomes a succession asset only in default of the existence all other designated categories of claimants. And even this default provision is of fairly recent origin. Act No. 211, § 2 of 1986.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.