# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #021

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **8th day of May, 2019**, are as follows:

**BY GUIDRY, J.**:

2018-CC-1568      JAMES E. GUFFEY, ET AL. v. LEXINGTON HOUSE, LLC (Parish of Rapides)

For these reasons, we hold R.S. 40:1231.1(A)(4) presumes that only those persons with a right of action to seek damages or the "representative" specified in La. R.S. 40:1231.1(A)(16) may qualify to be a "claimant" within the meaning of the Medical Malpractice Act. Under the facts of this case, we find that, when Ms. Frederick attempted to request the medical review panel either in the capacity of representative of her deceased grandmother or in the capacity of representative of her grandmother's estate, she did not satisfy the criteria for being a "claimant" under La. R.S. 40:1231.1(A)(4) and La. R.S. 40:1231.1(A)(16), and thus prescription was not tolled pursuant to La. R.S. 40:1231.8(A)(2)(a). Ms. Frederick was not a "representative" of the decedent, nor did the estate of the decedent, even had Ms. Frederick been properly appointed a succession representative, have a right of action here to seek recovery of damages pursuant to La. Civ. Code arts. 2315.1 or 2315.2. Accordingly, the district court erred in overruling Lexington's exception of prescription. The defendant's exception of prescription is sustained, and the plaintiffs' claims are dismissed with prejudice. REVERSED AND RENDERED.

JOHNSON, C.J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

No. 2018-CC-1568

JAMES E. GUFFEY, ET AL.

VERSUS

LEXINGTON HOUSE, LLC

ON SUPERVISORY WRITS TO THE NINTH JUDICIAL DISTRICT COURT, PARISH OF RAPIDES

**GUIDRY, J.**

In this matter, the plaintiffs, two of the decedent's children, have brought wrongful death and survival actions under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, *et seq.*, against a nursing home, alleging that injuries the decedent received when the nursing home's employee dropped her while transferring her from a bath chair to her bed caused her to suffer injuries that ultimately resulted in her death. The decedent's granddaughter, rather than the plaintiffs, initially filed a request for a medical review panel ostensibly as the representative either of the decedent or her estate. The lower courts found that the granddaughter was a "claimant" within the meaning of the Medical Malpractice Act, namely La. R.S. 40:1231.1(A)(4) and (A)(16), and that her timely request had therefore suspended prescription with regard to the medical malpractice claims of the plaintiffs, even though they had not been named as claimants in the original request for a medical review panel. However, for the reasons set forth below, we find the lower courts erred in concluding the granddaughter was a proper "claimant" under the language of the Act on the basis that she was a succession representative for the decedent's estate. Because the initial request for the medical review panel was not made by a proper "claimant," prescription was not tolled. Accordingly,

1

because the defendant's exception of prescription should have been granted, the trial court's ruling denying the exception of prescription is reversed.

**FACTS and PROCEDURAL HISTORY**

On January 19, 2016, Geneva Guffey, an elderly patient at Lexington House Nursing Home in Alexandria sustained a laceration to her right leg while being transferred from a bath chair to her bed. Mrs. Guffey died several months later on May 16, 2016, allegedly because the injuries she received caused an insurmountable decline in her overall condition.

On November 2, 2016, Deana Frederick, Mrs. Guffey's granddaughter, filed a complaint of medical malpractice against Lexington asserting it had committed malpractice in the transfer of Mrs. Guffey and requesting the formation of a medical review panel. Ms. Frederick identified herself in the letter to the Division of Administration as follows: "CLAIMANT: Deana Frederick, on Behalf of her Deceased Grandmother." Other than setting forth the allegation of what had transpired, the letter does not indicate in any other way Ms. Frederick's relationship to Mrs. Guffey, who had already passed away at the time of the filing of the complaint.

Mrs. Guffey was survived by three sons, including George Guffey and James Guffey, who are the plaintiffs in the instant case. On May 18, 2017, more than one year after Mrs. Guffey's death, Ms. Frederick sent by facsimile a "supplement" to her request for a medical review panel seeking to add two claimants, James Guffey and Ms. Frederick as representative of the estate. The letter to the Division of Administration identified James as follows: "James E. Guffey, Individually and as a Surviving Child of Geneva Guffey." The letter also sought to add Ms. Frederick as the representative of Mrs. Guffey and her estate. The letter described her as follows:

2

"Deanna Frederick, as Representative of Geneva Guffey and as Representative of Geneva Guffey's Estate."

In response to the malpractice complaint, Lexington filed a discovery suit in the district court. On May 22, 2017, Lexington filed an exception of no right of action pursuant to La. R.S. 40:1231.8(B)(2)(a), asserting Ms. Frederick was not a proper party claimant because, as the granddaughter of the decedent, she is not included in the class of persons entitled to file a survival action under La. Civ. Code art. 2315.1 or a wrongful death action under La. Civ. Code art. 2315.2. [1] The trial court denied the exception, reasoning that the definition of "claimant" in La. R.S.

---

[1] With regard to survival actions, La. Civ. Code art. 2315.1 provides in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

With regard to wrongful death actions, La. Civ. Code art. 2315.2 provides in part:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
>
> B. The right of action granted by this Article prescribes one year from the death of the deceased.

3

40:1231.1(A)(4) is not limited to those who will ultimately be allowed to assert a survival or wrongful death claim when the panel proceedings are concluded. The trial court considered the exception of no right of action to be premature at this stage of the proceedings. The court of appeal denied Lexington's writ application, finding no error in the trial court's ruling. *In re Medical Review Panel Proceedings, Geneva Guffey v. Lexington House, LLC*, 17-829 (La. App. 3 Cir. 2/2/18) (unpublished).

Meanwhile, the medical review panel issued an opinion on November 15, 2017, finding that Lexington breached the standard of care and that Mrs. Guffey should have been transferred from the bath chair to the bed by two persons rather than one. The panel found the breach in care was a factor in the resultant damages, but it ultimately concluded the "laceration was a local discomfort for the patient [and] did not in any way exacerbate any of her chronic medical problems nor did it contribute to her ultimate demise."

On January 28, 2018, within ninety days of the issuance of the panel opinion, James and George Guffey filed suit individually and on behalf of their mother. George Guffey had not been a claimant in the medical review panel proceedings, and Ms. Frederick was not a plaintiff in the lawsuit.

Thereafter, Lexington filed an exception of prescription, alleging that James and George Guffey's survival and wrongful death actions were prescribed on their face, as they were filed more than one year from the date of the alleged malpractice. Lexington also alleged that neither of the plaintiffs had filed a malpractice claim with the Division of Administration within one year of the discovery of the malpractice or within one year of the death of their mother as required by La. R.S. 9:5628. With regard to George, Lexington asserted there was no suspension of prescription because he had never filed any medical malpractice claim until the lawsuit. With regard to James, Lexington asserted that the faxing of the letter to the

Division of Administration on May 18, 2017, seeking to add him as a claimant, did not relate back to the earlier filing by Ms. Frederick, and thus did not suspend prescription. Lexington maintained that Ms. Frederick's original request to the Division of Administration did not suspend prescription because she was not a valid "claimant" on the basis that she was not a party to the litigation and she had no right of action to any damages via either a survival action or wrongful death action arising from the injuries and death of Mrs. Guffey.

In opposition to the exception of prescription, the plaintiffs asserted a previous judge had ruled in the case that Ms. Frederick had possessed a right of action to file the claim. The plaintiffs introduced a number of exhibits showing that Ms. Frederick had a durable power of attorney from Mrs. Guffey, that both James and George stated Ms. Frederick had been acting on their behalf, that Ms. Frederick had been named the executrix in Mrs. Guffey's will, and that there was a judgment of possession of the estate in favor of Ms. Frederick.[2]

---

[2] Plaintiffs introduced the following documents:

A. Durable Power of Attorney, dated March 17, 2014, in favor of Deana Frederick from Geneva Guffey.

B. Attorney-Client Contract, signed January 26, 2016, between Geneva and Frederick & Beckers, LLC.

C. Request for Medical Review Panel dated November 2, 2016, listing claimant as "Deana Frederick, on Behalf of her Deceased Grandmother, Geneva Guffey[.]"

D. Affidavit of James Guffey, dated June 30, 2017, stating Ms. Frederick was acting on his behalf in the Medical Review Panel proceedings.

E. Affidavit of George Guffey, dated July 19, 2017, stating Ms. Frederick was acting on his behalf in the Medical Review Panel proceedings.

F. Supplement to Request for Medical Review Panel, dated May 18, 2017, adding as claimants James Guffey and Deana Frederick, as a representative of Geneva's estate.

G. Medical Review Panel Opinion, dated November 15, 2017.

H. Judgment of Possession dated July 15, 2016.

I. Last Will and Testament of Geneva, dated March 14, 2014, naming Ms. Frederick as the executrix of her estate.

After a hearing, the trial court denied the exception of prescription. The court referred to the prior ruling denying Lexington's exception of no right of action, and noted that, under the unique circumstances of this case, Ms. Frederick had a right of action because there was an actual relationship between Ms. Frederick and the decedent as granddaughter and caretaker and ultimately as the universal legatee. The trial court then found that Ms. Frederick's timely claim had suspended prescription, such that James Guffey had been properly added to the claim and that George Guffey's claims were not prescribed. The trial court cited *Truxillo v. Thomas*, 2016-0168 (La. App. 4 Cir. 8/31/16), 200 So.3d 972, for the proposition that the timely filing of a claim for medical malpractice by one claimant suspends prescription with regard to all other potential claimants even though they were not named in the original request for a medical review panel.[3]

Lexington sought writs from this ruling in the court of appeal. The appellate court in a written opinion denied the writ, finding no error in the trial court's denial

_____

J. Death Certificate for Geneva.

K. James and George Guffey's Petition for Damages.

L. Judgment of the Third Circuit dated February 2, 2018, in docket number 17-829.

M. Opposition to Writ Application in docket number 17-829.

[3] In *Truxillo*, the patient died following gastric bypass surgery, and her daughter timely requested the formation of a medical review panel. After the panel issued its opinion, the daughter timely filed a petition in the district court. Within the ninety-day period thereafter, the petition was amended to add the patient's son as a plaintiff. Because he had not been a claimant in the medical review panel proceedings, the defendants argued the son's action was prescribed. The Fourth Circuit found nothing in the Medical Malpractice Act that requires all parties who may potentially have a claim against a health care provider to invoke a medical review panel proceeding. Reasoning that the panel request need not be invoked by each and every person who may ultimately have a claim in medical malpractice, the court held "that the suspension of the time period for filing suit, triggered by the filing of a medical review panel request, accrues to the benefit of all persons who have claims arising out of the alleged medical malpractice, including those who did not participate in requesting the medical review panel." *Truxillo*, 200 So.3d at 974. The Fourth Circuit further reasoned that "the explicit statement that all persons damaged by the alleged malpractice are considered a 'single claimant' clearly contemplates the filing of a single request for a medical review panel, with the intent that the rights of all potential plaintiffs are protected." *Truxillo*, 200 So. 3d at 975.

of the exception of prescription. *Guffey v. Lexington House, LLC*, 2018-475 (La. App. 3 Cir. 8/22/18), 254 So.3d 1. The court of appeal revisited Lexington's assertion that Ms. Frederick did not have a right of action to file her claim for a medical review panel because she was not a proper claimant and had no right to damages under the Civil Code. The appellate court held that, as a succession representative, she was a proper claimant under La. R.S. 40:1231.1(A)(4) of the Medical Malpractice Act, declining to limit "claimants" to the classes of people entitled to damages under the Civil Code. The appellate court went on to follow the holding of the Fourth Circuit in *Truxillo*, with regard to the suspending of prescription in favor of all potential but un-named claimants by a timely filed malpractice claim, and rejected the opposite holding by the First Circuit in *Parks v. Louisiana Guest House, Inc.*, 13-2121 (La. App. 1 Cir. 9/30/14), 155 So.3d 609, *writ denied*, 14-2281 (La. 1/16/15), 157 So.3d 1131, and *Rickerson v. Audubon Health & Rehabilitation Center*, 2017-629 (La. App. 1 Cir. 12/21/17) (unpublished), *writ denied*, 2018-118 (La. 3/23/18), 239 So.3d 292 (applying *Parks*).[4]

We granted Lexington's writ application to review the rulings of the lower court. *Guffey v. Lexington House, LLC*, 2018-1568 (La. 01/08/19), ___ So.3d ___. In this court, Lexington makes essentially two arguments. First, Lexington contends

---

[4] In *Parks v. Louisiana Guest House, Inc.*, the First Circuit held that the filing of a complaint of malpractice by a patient, who subsequently died during the pendency of the proceedings before the medical review panel, did not suspend the running of prescription as to the deceased patient's children, who were not named as claimants in the initial complaint. The *Parks* court reasoned the applicable statute (now cited as La. R.S. 40:1231.8(A)(2)(a)) expressly provides that the filing of a request for review of a malpractice claim "shall suspend the time within which suit must be instituted ... until ninety days following notification, by certified mail, ... to the claimant or his attorney of the issuance of the opinion by the medical review panel." The court found this language was clear that only the person or persons who actually presented a "claim" for review are entitled to the suspension of prescription granted under the statute. The *Parks* court further noted that, although the legislature specifically provided that the filing of a claim would suspend prescription not only as to the named defendants, but also as to all other unnamed, potentially liable defendants, it did not similarly provide to the benefit of all other unnamed potential plaintiffs or claimants. The court declined to do so, when the legislature could have done so. The court thus found the patient's request for review served to suspend the running of prescription only as to the claim he filed and did not suspend the running of prescription in favor of his children's claims. *Parks*, 155 So. 3d at 613.

7

Ms. Frederick was not a proper claimant under the Medical Malpractice Act because she did not meet the definition of a "claimant" pursuant to La. R.S. 40:1231.1(A)(4) and (A)(16), and because she was not entitled to seek damages as a result of Mrs. Guffey's death. Second, Lexington contends the timely filing of a medical malpractice claim suspends prescription only as to named claimants in the original request for a medical review panel and, because the plaintiffs here were not named as claimants and did not submit timely malpractice claims, their claims are prescribed. Because we find merit to Lexington's contention Ms. Frederick was not a proper "claimant" within the meaning of the Medical Malpractice Act, we need not reach the issue of whether the timely filing of a claim by a proper claimant suspends prescription for any other, un-named claimants.

**LAW and ANALYSIS**

The prescriptive period for actions based on medical malpractice is set forth in La. R.S. 9:5628(A), which requires such claims to be brought within one year of the alleged act, omission, or neglect, or within one year from the date of discovery.[5] Additionally, even as to claims filed within one year of the discovery of the alleged malpractice, all such claims must be filed, at the latest, within three years from the date of the alleged act, omission, or neglect. La. R.S. 9:5628(A). However, pursuant to the Medical Malpractice Act, a party must first present her proposed complaint to

---

[5] La. R.S. 9:5628(A) provides the time periods in which medical malpractice actions must be filed, as follows:

> A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

a medical review panel for review prior to the filing of suit in district court. La. R.S. 40:1231.8(A)(1)(a);[6] *Warren v. Louisiana Medical Mutual Insurance Company*, 2007–0492 (La. 6/26/09), 21 So. 3d 186, 204 (on rehearing). The prescriptive period for filing a lawsuit set forth in La. R.S. 9:5628(A) is suspended during the full time that a claim is pending before a medical review panel and for ninety days following notification to the claimant or her attorney of the panel's opinion. *See* La. R.S. 40:1231.8(A)(2)(a).[7]

Because the petition for medical malpractice herein was filed more than one year after the alleged malpractice and resulting death of Mrs. Guffey, the petition is timely only if prescription was suspended as to the plaintiffs' claims during the pendency of the proceedings before the medical review panel. The threshold issue thus presented is the scope of the term "claimant" under the Medical Malpractice Act and whether Ms. Frederick was a proper party to file a claim and initiate a

---

[6] La. R.S. 40:1231.8(A)(1)(a) provides in pertinent part as follows:

> All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.

[7] La. R.S. 40:1231.8(A)(2)(a) provides as follows:

> The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

9

medical review panel, thus tolling prescription, when she first sent her request to the Division of Administration. Lexington contends that a person who does not have a right of action for tort damages is not entitled to file a medical malpractice claim. The plaintiffs counter that the definition of "claimant" in the Medical Malpractice Act is broader than the class of persons who have a right to seek tort damages under the Civil Code, that Ms. Frederick is a proper claimant as a representative of the patient and her estate, and that the purpose of the medical review panel procedure is to weed out superfluous claims rather than determine or fix legal rights to damages.

To resolve the issue presented, this court now turns to the language of the statute. The Civil Code directs that the court attempt to ascertain the meaning of the statute under review by first looking to the language of the statute. When a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. Code art. 9; *see also Touchard v. Williams*, 617 So.2d 885, 888 (La. 1993).

The Medical Malpractice Act is very specific on who may bring a claim and initiate a medical review panel, with all the benefits and consequences that follow therefrom. The Act defines "claimant" as follows: "'Claimant' means a patient or representative or any person, including a decedent's estate, seeking or who has sought recovery of damages or future medical care and related benefits under this Part. All persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant." La. R.S. 40:1231.1(A)(4). The Act also defines "representative" as follows: "'Representative' means the spouse, parent, guardian, trustee, attorney or other legal agent of the patient." La. R.S. 40:1231.1(A)(16).

10

In the instant case, the court of appeal addressed the meaning of "claimant" under the Act, ultimately concluding Ms. Frederick was a claimant pursuant to La. R.S. 40:1231.1(A)(4) when she filed the original request for a medical review panel with the Division of Administration. The court first noted that the request for a medical review panel is a prerequisite to and not the equivalent of a suit for medical malpractice. 2018-475, p. 10, 254 So.3d at 8, quoting *Houghton v. Our Lady of the Lake Hosp., Inc.*, 2003-0135 (La. App. 1 Cir. 7/16/03, 859 So.2d 103, 105-06). Although Ms. Frederick had not specifically designated herself as the succession representative when she filed the original complaint, the court found the complaint "made clear" that Ms. Frederick was filing on behalf of her deceased grandmother. The court pointed out that Ms. Frederick had a power of attorney for two years prior to Mrs. Guffey's death and that she was named as the executrix in Mrs. Guffey's will. The court observed that Ms. Frederick amended the complaint to "reflect" that she was the representative of the estate and that she introduced documents in opposition to the exception of no right of action proving she was the succession representative.

The court below found there was conflict between the definitions of who has a right of action under the Civil Code and who can bring a claim under the Medical Malpractice Act. The court reasoned the legislature could have defined "claimant" as those who have a right of action under La. Civ. Code art. 2315.1 or 2315.2, but chose not to do so, and specifically included "representative" and "a decedent's estate" as claimants. The court noted La. R.S. 40:1231.1(A)(4) does not state that the representative or the estate can only be a claimant when the classes of persons listed in La. Civ. Code arts. 2315.1 and 2315.2 do not exist. The court found a difference between having a right of action to bring a complaint before the medical review panel and having a right of action to file a suit in the district court once the

11

panel proceedings have concluded. The court cited *Truxillo*, *supra*, for the proposition that there is no focus on claimants during the medical review panel process and that the Act contemplates the filing of a single request for a panel with the intent that the rights of all potential plaintiffs are protected. *Guffey*, pp. 12-13, 254 So.3d at 9(quoting *Truxillo, supra*, 200 So.3d at 976).

The *Truxillo* court had also indirectly examined the scope of "claimant" within the meaning of the Act. It found that under the definition of claimant in the Act, "any person" is considered a "claimant" and that the term "claimant" is "not limited to those persons for whom our laws afford a right of action." *Truxillo*, p. 5, 200 So.3d at 975.

The plaintiffs argue the definition of "claimant" broadly includes representatives, any person, the decedent's estate, guardian, trustee, attorney or other legal agent of the patient as being a proper "claimant". The intent behind such a broad definition, they argue without citation, is logical, because by allowing "agents" or "representatives" to initiate the claim, the legislature intended to enable "agents" and "representatives" to protect the estate for those who may ultimately have a right to file suit. Here, the plaintiffs point out, Ms. Frederick had a complete Durable Power of Attorney handling all of Mrs. Guffey's affairs before she died, was designated the executrix of Mrs. Guffey's estate in her last will and testament, and was put in possession of the estate through the succession before initiating the malpractice claim. The plaintiffs argue that, in representing the estate, Ms. Frederick had the duty to preserve the rights of Mrs. Guffey's estate, which included pursuing claims the estate may have, on behalf of Mrs. Guffey's surviving children. The plaintiffs assert Ms. Frederick did so when she requested a medical review panel. According to the plaintiffs, Mrs. Guffey had made known her wish to pursue her claims against Lexington for medical malpractice both to Ms. Frederick and her

12

attorney. Finally, the plaintiffs argue that, if it were incumbent to satisfy the specific procedure relevant to certain types of successions under the Code of Civil Procedure to qualify as a claimant under the Medical Malpractice Act, the legislature would have placed those requirements into the Act. Instead, the legislature specifically defined "claimant" to mean a "patient or representative or any person, including a decedent's estate." Such a definition is intentionally broad, the plaintiffs argue, and any attempt to subject the definition to extraneous code articles is impermissible and runs counter to this court's holding in *Warren*.

While we do not disagree that the definition of "claimant" for the purpose of requesting a medical review panel appears to be drafted more broadly than the Civil Code articles delineating who can seek damages for wrongful death and survival actions, the plaintiffs, as well as the court of appeal below and the *Truxillo* court, have ignored the full wording of the statute. La. R.S. 40:1231.1(A)(4) defines a claimant as "a patient or representative or any person, including a decedent's estate, *seeking or who has sought recovery of damages or future medical care and related benefits under this Part.*" The emphasized language makes it clear that the "claimant" requesting the medical review panel must be seeking damages sustained as a result of injuries to or the death of the patient. The patient can do so, or her representative on her behalf, as defined by La. R.S. 40:1231.1(A)(16) ("the spouse, parent, guardian, trustee, attorney, or other legal agent of the patient"). In such cases, the patient herself or through her representative must necessarily be seeking or has sought recovery of damages or benefits under the Act. There can be little doubt that a patient who has suffered malpractice has a right of action to seek damages, whether on her own or through her representative as defined in the Act. *See* La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). La. R.S. 40:1231.1(A)(4) also provides that

13

"any person, including the decedent's estate," may be a "claimant" so long as that person or the estate is seeking or has sought damages under the Act. La. Civ. Code art. 681 states that, "except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." Accordingly, the language of R.S. 40:1231.1(A)(4) when read in light of our Civil Code, presumes that only those persons with a right of action to seek damages or the representative specified in La. R.S. 40:1231.1(A)(16) may qualify to be a "claimant" within the meaning of the Act.

By also enacting La. R.S. 40:1231.8(B)(2), however, the legislature has made it clear that a "claimant" must possess a right of action to seek damages to make a valid request for a medical review panel. La. R.S. 40:1231.8(B)(2) provides as follows:

> A health care provider, against whom a claim has been filed under the provisions of this Part, may raise peremptory exceptions of no right of action pursuant to Code of Civil Procedure Article 927(6) or any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.

This provision permits the defendant health care provider to assert the exception of no right of action against the claimant "at any time without need for completion of the review process by the medical review panel." That language is clear and unambiguous. The court of appeal's statement that "there is a difference between having a right of action to bring a complaint before the medical review panel and having a right of action to file suit in the district court once the panel proceedings are concluded" discounts this provision as well as the requirement that the "claimant" must be seeking damages under the Act and, therefore, must also have a right of action to seek such damages. As the defendant herein argues, to both define "claimant" broadly and to ignore the requirement the "claimant" must be seeking or

14

have sought damages under the Act would virtually read out of the Act the provision providing for the defendant health care provider to end the medical review panel proceedings before they have been completed by peremptorily excepting to the claimant's right of action to seek such damages.

In the instant case, Lexington's exception of prescription, based on the assertion that Ms. Frederick was not a proper "claimant" under La. R.S. 40:1231.1(A)(4) and, thus, prescription was not suspended upon the filing of her request for a medical review panel, should have been sustained. When Ms. Frederick first made her request for a medical review panel in the Division of Administration, she identified herself as "Deana Frederick, on Behalf of her Deceased Grandmother, Geneva Guffey." The plaintiffs assert Ms. Frederick was acting as a representative of either her grandmother or her grandmother's estate when she made her request for a medical review panel. However, Ms. Guffey had passed away at the time Ms. Frederick made her request for a medical review panel, and thus she could not have been a "representative" *of the patient* because the patient was deceased and was not then seeking, nor had she ever sought, damages or benefits under the Act.[8]

Alternatively, the plaintiffs assert Ms. Frederick made her initial request for a medical review panel on behalf of Ms. Guffey's estate, because the language in the original letter indicated she was making the claim "on Behalf of her Deceased Grandmother." The plaintiffs also point to the "supplement" to the medical review panel request in which Ms. Frederick specifically added herself as a claimant in her

---

[8] Even though Mrs. Guffey had given Ms. Frederick power of attorney prior to her death, La. Civ. Code art. 3024 provides that the mandate and the authority of the mandatary terminate upon the death of the principal. Furthermore, the court below pointed out that Ms. Frederick, as a granddaughter, was not included in the first class of beneficiaries in La. Civ. Code art. 2315.1, and thus did not step into the shoes of her deceased father, Mrs. Guffey's son, for purposes of the right of action. *Guffey*, p. 5 n. 5, 254 So.3d at 5 n. 5 (citing *Dufrene v. Avondale Industries, Inc.*, 01-1474 (La. App. 4 Cir. 8/22/01), 795 So.2d 456, *writ denied*, 01-2613 (La. 10/26/01), 799 So.2d 1156)). Consequently, Ms. Frederick was not a proper "claimant" individually as "any person … seeking damages…." La. R.S. 40:1231.1(A)(4).

capacity as "Representative of Geneva Guffey's Estate." However, if the date of the "supplement," May 18, 2017, is taken as the date of the request for a medical review panel, the decedent's estate was added as a "claimant" more than one year after the date of the alleged malpractice and more than one year after the date of Mrs. Guffey's death, and thus would likely not relate back to the original request for a medical review panel. *See Warren, supra*. But even assuming Ms. Frederick was acting on behalf of the estate when she made the original request for a medical review panel, and even assuming Ms. Frederick was properly appointed as the succession representative, Ms. Frederick as the succession representative did not have a right of action for damages. The court of appeal conceded as such, recognizing that, "even as succession representative, [Ms. Frederick] is not the proper party plaintiff to bring the survival action in the district court because the succession representative has that right only in the absence of any of the enumerated classes." *Guffey*, p. 5 n. 5, 254 So.3d at 5 n. 5 (emphasis removed). *See* La. Civ. Code arts. 2315.1 and 2315.2. The plaintiffs' argument that their niece was preserving and protecting their rights under Mrs. Guffey's estate are belied by the fact that Ms. Frederick was the sole heir under Mrs. Guffey's last will and testament and had already been put into possession of the estate when she filed her request for the medical review panel on November 2, 2016. She could not protect and preserve, much less assert, her uncles' individual survival and wrongful death claims.

**CONCLUSION**

For these reasons, we conclude that, when Ms. Frederick attempted to request the medical review panel either in the capacity of representative of her deceased grandmother or in the capacity of representative of her grandmother's estate, she did not satisfy the criteria for being a "claimant" under La. R.S. 40:1231.1(A)(4). Based on the facts of this case, Ms. Frederick was not a "representative" of her deceased

16

grandmother pursuant to La. R.S. 40:1231.1(A)(16). Furthermore, La. R.S. 40:1231.1(A)(4) requires the person, including a decedent's estate, to be seeking or have sought damages under the Medical Malpractice Act. Thus, Ms. Frederick, even had she been properly appointed as a succession representative of the estate, could not qualify as a "claimant" because she did not have a right of action under the facts of this case to seek recovery of damages pursuant to La. Civ. Code arts. 2315.1 or 2315.2. Consequently, Ms. Frederick's request for a medical review panel did not toll prescription pursuant to La. R.S. 40:1231.8(A)(2)(a). Therefore, even assuming for the purposes of this opinion that the timely filing of a medical malpractice claim suspends the running of prescription against unnamed potential claimants such as the plaintiffs here, an issue we decline to address, the original request to the Division of Administration made by Ms. Frederick did not suspend the running of prescription against them. Accordingly, the district court erred in overruling Lexington's exception of prescription. The defendant's exception of prescription is sustained, and the plaintiffs' claims are dismissed with prejudice.

**REVERSED AND RENDERED**

SUPREME COURT OF LOUISIANA

No. 2018-CC-1568

JAMES E. GUFFEY, ET AL.

VERSUS

LEXINGTON HOUSE, LLC

ON SUPERVISORY WRITS TO THE NINTH JUDICIAL DISTRICT
COURT, PARISH OF RAPIDES

**JOHNSON, Chief Justice, dissents and assigns reasons.**

This case involves a wrongful death and survival action under the Louisiana Medical Malpractice Act (MMA) brought by two children of the decedent, Geneva Guffey. Ms. Guffey was a 91-year-old resident at Lexington House nursing home in January of 2016, suffering from pneumonia, respiratory distress, chronic heart failure, dementia, chronic obstructive pulmonary disease, peripheral vascular disease, and varicose veins. On January 19, 2016, a Lexington House employee dropped Ms. Guffey while transferring her from a bath chair to her bed. Ms. Guffey died on May 16, 2016, allegedly because the injuries she received caused an insurmountable decline in her overall condition.

Ms. Guffey's granddaughter, Deana Fredrick, requested the formation of a medical review panel on November 2, 2016. On May 19, 2017, Deana filed an amended complaint to include Ms. Guffey's son, James, as a claimant and stating that she was the representative of Ms. Guffey's estate. Defendant filed an exception of no right of action grounded on the assertion that Deana was not a proper party claimant because, as Ms. Guffey's granddaughter, she is not included in the list of beneficiaries who have the right to file a survival action under La. C.C. art. 2315.1 or a wrongful death action under La. C.C. art. 2315.2. Defendant's exception was

1

denied. The medical review panel issued an opinion on November 15, 2017, finding that Lexington House breached the standard of care. On January 26, 2018, two of Ms. Guffey's children, James and George, filed suit individually and on behalf of Ms. Guffey. Defendant filed an exception of prescription, arguing (as it did in support of its prior exception of no right of action) that Deana was not a proper "claimant" under La. R.S. 40:1231.1(A)(4) and thus prescription was not suspended when she filed her request for a medical review panel. Defendant's exception was denied by the district court, and the court of appeal denied defendant's writ application. However, the majority of this court now sustains defendant's exception. I respectfully dissent.

Contrary to the majority, I find Deana was a proper claimant pursuant to La. R.S. 40:1231.1(A)(4) and thus her filing of the request for the formation of a medical review panel suspended prescription as to all potential plaintiffs. In my view, the majority applies a hyper-technical definition of "claimant" by limiting it to one who has a right of action to seek recovery of wrongful death or survival action damages pursuant to La. C.C. arts. 2315.1 or 2315.2. By so ruling, this court is effectively writing out the MMA's definitions of "claimant" and "representative."

The medical malpractice act defines "claimant" as "a patient *or representative or any person, including a decedent's estate,* seeking or who has sought recovery of damages or future medical care and related benefits under this Part." La. R.S. 40:1231.1(A)(4)(emphasis added). Further, "representative" is defined as "the spouse, parent, guardian, trustee, attorney or other legal agent of the patient." La. R.S. 40:1231.1(A)(18). This statutory language is undoubtedly broad enough to include Deana. Deana had a power of attorney from Ms. Guffey for two years prior to her death. Deana was named executrix and sole beneficiary in Ms. Guffey's will. Although Deana did not specifically designate herself as the succession

representative when the original complaint was filed, the complaint makes clear that she was filing on behalf of her deceased grandmother. Deana amended the complaint to reflect that she was the representative of the estate. When defendant filed its exception of no right of action, Deana introduced documents proving that she was the succession representative. *See Guffey v. Lexington House, LLC,* 18-475 (La. App. 3 Cir. 8/22/18), 254 So. 3d 1, 8. Although the legislature could have defined "claimant" as those who have a right of action under either La. C.C. arts. 2315.1 or 2315.2, it did not do so; rather, the legislature specifically included the language "representative" and "a decedent's estate." La. R.S. 40:1231.1(A)(4). Furthermore, La. R.S. 40:1231.1(A)(4) does not state that the representative or the estate can be a claimant only when the classes of persons listed in La. C.C. arts. 2315.1 and 2315.2 do not exist.

The legislature's choice of more expansive statutory language is logical given the fundamental difference between a medical review panel and a suit for medical malpractice. As recognized by the court of appeal, "a request for a medical review panel is a prerequisite to and not the equivalent of a suit for medical malpractice." *Guffey*, 254 So. 3d at 8 (citing *Houghton v. Our Lady of the Lake Hosp., Inc.*, 03-0135 (La. App. 1 Cir. 7/16/03), 859 So. 2d 103, 105-106). Unlike a judge or jury in a civil judicial proceeding, the medical review panel does not have the power to adjudicate the rights of any party. The panel is a body of experts assembled to evaluate a medical claim and provide an expert opinion. The panel makes no findings as to damages, and the findings of the medical review panel are not binding on the litigants. There is no focus whatsoever on the claimants during the medical review panel process. *See Truxillo*, 200 So. 3d at 976. Although persons who are allowed to eventually file a claim in a court is limited by law, it makes no difference when the judicial process begins who initiated the panel proceedings, or who or when others

3

joined or not. Moreover, as explained by the court of appeal, the precise wording of La. R.S. 40:1231.1(A)(4) provides that "all persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant," clearly contemplates the filing of a single request for a medical review panel, with the intent that the rights of all potential plaintiffs are protected." *Guffey*, 254 So. 3d at 9 (citing *Truxillo*, 200 So. 3d at 975).

For the above reasons, I find Deana was a proper claimant under La. R.S. 40:1231.1(A)(4) and her filing of the request for the formation of the medical review panel interrupted prescription as to all potential plaintiffs, including James and George. I would deny defendant's exception of prescription. Thus, I respectfully dissent.

4