| | | |
|---|---|---|
| JENNIFER RICKERSON, | * | NO. 2021-CA-0246 |
| ROXANNE DIGGS, JOSEPH | | |
| ROUNDS, DESARAY JOSEPH, | * | |
| JENISHA ROUNDS AND THE | | COURT OF APPEAL |
| ESTATE OF JOSEPH TRIGGS, | * | |
| INDIVIDUALLY AND ON | | FOURTH CIRCUIT |
| BEHALF OF JOSEPH TRIGGS | * | |
| (DECEASED) | | STATE OF LOUISIANA |

* * * * * * *

VERSUS

SHERIF K. SAKLA,
STEPHANIE C. REUTHER,
THE SAKLA LAW FIRM,
APLC, JERRI G. SMITKO,
AND SMITKO LAW, APLC

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08905, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Rosemary Ledet)

*LEDET, J., CONCURS IN THE RESULT*

Jacques F. Bezou
Jacques F. Bezou, Jr.
THE BEZOU LAW FIRM
534 E. Boston Street
Covington, LA 70433

  COUNSEL FOR PLAINTIFFS/APPELLANTS

Richard C. Stanley
Christian S. Chaney
STANLEY REUTER ROSS THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112

  COUNSEL FOR DEFENDANTS/APPELLEES

    **AFFIRMED**

    **NOVEMBER 10, 2021**

EAL

RLB

This appeal is from the district court judgment of January 25, 2021, wherein

the district court sustained the Peremptory Exception of Peremption filed by the

defendants/appellees Sakla Law Firm, APLC, Sherif K. Sakla, MD/JD, and

Stephanie C. Reuther (collectively, "Sakla"), dismissing the plaintiffs/appellants

legal malpractice lawsuit against Sakla with prejudice.  After review of the record

in light of the applicable law and arguments of the parties, the district court

judgment is affirmed.

***Relevant Facts and Procedural History.***

On January 22, 2013, Joseph Triggs ("the decedent")  of Thibodaux[1] died

while a resident patient of Community Care Center of Thibodaux, LLC d/b/a

Audubon Health & Rehabilitation Center (hereinafter "Audubon").[2]  Subsequently,

the decedent's relatives Jennifer Rickerson, Roxanne Diggs, Joseph Rounds, Desaray

---

[1] Thibodaux is located in LaFourche Parish, Louisiana.
[2] Because the record before does not contain the record of the underlying medical malpractice case, essential contextual facts are derived from *Jennifer Rickerson, et al v. Audubon Health & Rehabilitation Center A/KA Community Care Center of Thibodaux, LLC D/B?A Audubon Health & Rehab and Audubon Health and Rehabilitation Center,* 2017-0629 (La. App. 1 Cir. 12/21/2017), *unpubl.* .

Joseph, and Jenisha Rounds ("the plaintiffs") hired a law firm, Jerri Smitko and Smitko Law, APLC, (collectively "Smitko") in Houma, Louisiana[3] to file a medical malpractice claim against Audubon for the alleged negligent medical treatment leading to Mr. Triggs' death. On August 8, 2013, Smitko filed a request for a medical review panel with the Commissioner of Administration (the "COA")[4], naming "Joseph Triggs (Deceased)" as the claimant. The COA accepted the pleading and the matter proceeded under the title "*Joseph Triggs (D), et al. vs. Audubon Health and Rehab*.[5]

On November 1, 2013, Smitko engaged Sakla, a law firm specializing in medical malpractice, specifically to assist in the preparation and submission of evidence for the medical review panel and the subsequent medical malpractice claim. Smitko was not engaged to review previously filed pleadings, nor were records forwarded to Smitko for review.

It is undisputed that the plaintiffs had no contact with Sakla and never sought Sakla's input or analysis of their case at any time during these proceedings, *i.e.,* Smitko was the sole point of contact with the plaintiffs. [6] In summary, during the relevant period between November 1, 2013 (the date Sakla was engaged to assist in the preparation of the evidence for submission to the medical review panel) and January 22, 2014 (the date the plaintiffs' medical malpractice claims prescribed), the plaintiffs never contacted or consulted Sakla, no previously filed pleadings were forwarded to Sakla for review, and Sakla was not substantively involved in the case.

---

[3] Houma is located in Terrebonne Parish.
[4] The COA is located in Baton Rouge, LA; the city of Baton rouge is located in East Baton Rouge Parish.
[5] Audubon, where the entity at which the alleged malpractice took place, is located in Thibodaux, Louisiana.
[6] By affidavit, Jerri G. Smitko verifies that by agreement, she was the sole point of contact with the plaintiffs at all times and any delay in timely communicating significant developments was solely attributable to her.

The only communication between Smitko and Sakla before January 22, 2014, consisted of email interchanges pertaining to the appointment of the medical review panel, obtaining the patient's medical records, and adding Sakla as additional counsel before the PCF. It is noteworthy that Sakla was not enrolled as additional counsel in the medical review panel proceedings until May 2014, four months after the medical malpractice claim prescribed.

On September 26, 2014, Audubon filed an Exception of No Right of Action, seeking dismissal of the medical malpractice claim before the medical review panel, arguing that the decedent (the only named claimant in the medical malpractice action) had no right of action. Smitko emailed a copy of the exception to Sakla and, in a series of emails, Smitko and Sakla agreed that the claim filed on August 8, 2014 (in the decedent's name requesting the medical review panel) was sufficient to suspend prescription as to the plaintiffs' claim. Shortly thereafter, Smitko filed an opposition on behalf of the plaintiffs' to Audubon's exception, asserting that the claim was sufficient as filed to suspend prescription. In addition, on October 8, 2014, Smitko sent an amending letter to the COA, clarifying that the plaintiffs were the claimants in the medical malpractice action filed in the decedents' name.

On February 13, 2015, the 17th Judicial District Court granted judgment in favor of the plaintiffs, denied Audubon's Exception of No Right of Action, and assessed costs against Audubon.[7]

Subsequently, on August 20, 2015, the medical review panel issued an opinion unanimously finding that Audubon failed to meet to applicable standard of care in its

---

[7] The judgment of February 13, 2015, specifically refers to "Claimants and their Counsel, Jerri G. Smitko" being present at the trial of the matter held on January 18, 2015; there is no reference to Sakla (the defendant attorneys) in any capacity.

care and treatment of the decedent. On November 5, 2015, the plaintiffs filed a petition for damages in the 17th Judicial District Court, naming Audubon as the defendant and alleging medical malpractice. In response, Audubon filed various exceptions, including the claim that the plaintiffs' claim was prescribed on its face because the initial claim filed on August 8, 2013, although within a year of the decedent's death (and, accordingly, within the statutory prescriptive period) was not valid because a decedent cannot be a party to the lawsuit and, therefore, because the decedent (the only named claimant in the timely filed petition) could not be a party to the lawsuit, the subsequent addition of the plaintiffs could not relate back to the timely filed petition. Again, Smitko independently prepared and filed the opposition to Audubon's exceptions, including the exception of prescription, and attended the court hearings.

On August 30, 2016, the 17th Judicial District Court maintained Audubon's exception of prescription and dismissed the plaintiffs' claims. Smitko filed a motion for a new trial on behalf of the plaintiffs. The district court denied the plaintiffs' motion for a new trial. In their appeal, filed in the Louisiana 1st Circuit Court of Appeal, the plaintiffs cited this court's decision in 23 *Truxillo* v. *Thomas,* 2016-0168 (La. App. 4 Cir. 8/31/16), 200 So. 3d 972, (the filing of a complaint by a patient that subsequently died could suspend prescription as to the decedent's family) to argue that the original pleading filed with the COA in the decedent's name was sufficient to suspend prescription as to all those claiming damage as the result of the medical malpractice.

Our brethren in the First Circuit did not find this court's jurisprudence persuasive, however, pointing to its prior holding in *Parks v. Louisiana Guest House, Inc.,* 2013-2121, 2013-2122 (La. App. 1 Cir. 9/30/2014), 155 So.3d 609, 613 *writ*

4

*denied,* 2014-2281 (La. 1/16, 15)), 157 So.3d 1131 wherein the First Circuit held that the filing of the original complaint of malpractice in the decedent's name did not serve to suspend the running of prescription for the plaintiffs' malpractice claim). Accordingly, the First Circuit determined that the amended complaint of October 8, 2015, could not relate back to the initial complaint filed in the decedent's name and, thereby, circumvent the statutory prescriptive period. Thus, on December 21, 2017, the district court judgment (dismissing the plaintiffs' medical malpractice lawsuit) was affirmed. Smitko apparently failed to notify the plaintiffs of this fact.

On September 6, 2018, the plaintiffs filed the instant legal malpractice lawsuit against both Smitko and Sakla in the Civil District Court for the Parish of Orleans, alleging that Smitko and the Sakla were grossly negligent in handling their medical malpractice case. In response, Sakla filed exceptions of no cause of action and preemption. Smitko filed an exception of improper venue. On April 1, 2019, the district court granted the Sakla's exception of peremption but subsequently, on November 15, 2019, allowed the plaintiffs fifteen days to amend their petition.

On November 26, 2019, the plaintiffs filed their first supplemental and amending petition. Sakla again filed exceptions of peremption and no cause of action. On January 13, 2021, after considering the evidence presented by the parties, the district court found that the plaintiffs' supplemental petition was insufficient to correct the defects of the original petition and, again, granted the Sakla's exception of peremption. Specifically, the district court held that (1) the plaintiffs' claims were perempted under La. Rev. Stat. 9:5605(A) because the claims were brought more than three years after the date of the alleged malpractice, *i.e.,* the failure to amend the request for Medical Review Panel in time (by January 22, 2014) to preserve the plaintiffs' medical malpractice claims; and (2) that the plaintiffs failed to show that

5

Sakla had engaged in any fraud sufficient to trigger the fraud exception under La. Rev. Stat. 9:5605(E). In so ruling, the district court made the specific factual finding that the emails on which the plaintiffs (pertaining to the email discussions between the attorneys as to whether the petition filing the initial claim in the name of the decedent was sufficient to preserve the plaintiffs' medical malpractice claim) failed to show any fraud on the part of the Sakla. Accordingly, on January 25, 2021, the district court signed the judgment, sustaining Sakla's exception of peremption and dismissing the plaintiffs' legal malpractice claims against Sakla with prejudice.

This devolutive appeal was timely filed.

*Applicable Law*

La. Rev. Stat. 9:5605(E) provides in pertinent part that "[t]he peremptive period . . . shall not apply in cases of fraud, as defined in Civil Code Article 1953." In turn, La Civ. Code art. 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.'' Moreover, La. Code Civ. Proc. art. 856 provides that "[i]n pleading fraud . . ., the circumstances shall be alleged with particularity." In other words, "[s]pecific intent to deceive is a necessary element of fraud, and fraud cannot be based on mistake or negligence, regardless how great." *Lomont v. Bennett*, 2014-2483, p. 5 (La. 6/30/15), 172 So. 3d 620, 634; *see also Thrasher Const., Inc. v. Gibbs Residential, L.L.C.*, 2015-0607, p.15-16 (La. App. 4 Cir. 6/29/16), 197 So. 3d 283, 293, *writ denied sub nom. Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 2016-1453 (La. 11/15/16), 209 So. 3d 779 (citation omitted) (in determining whether fraud has been properly pleaded, the court may disregard as mere conclusions a petition's general charges of fraud if they are unaccompanied by

6

formal allegations setting forth with particularity the circumstances alleged to constitute the alleged fraud."

*Standard of Review*

"When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Specialized Loan Servicing, LLC v. January,* 12–2668, pp. 3–4 (La.6/28/13), 119 So.3d 582, 584.

*Discussion*

The only issue before us is whether the district court was correct in granting the exception of peremption with regard to Sakla and, accordingly, in dismissing Sakla from this legal malpractice lawsuit. The issue of whether Smitko's actions constituted legal malpractice is not before us.

In their appeal, the plaintiffs assign six errors: (1) the district court erred in finding that no allegation of specific intent to defraud was made against the Sakla; (2) the district court erred in finding that failure to discharge an affirmative duty of communication on a material fact constitutes fraud by omission; (3) the district court erred in failing to find that allegations of fraud against one joint venture member are sufficient as to the other; (4) the district court erred in failing to find that a limitation on scope of duties owed to a client which is not disclosed to the client is valid ;and (5) the district court erred in failing to find that an attorney cannot limit their duty to communicate on vital matters.

In essence, the plaintiffs suggest that the allegations of legal malpractice against Smitko and Sakla are inseparable, that any association between attorneys or law firms necessarily becomes a joint venture for liability purposes (regardless of the

7

agreement between the attorneys), and that every attorney involved in a lawsuit filed on behalf of clients has an individual responsibility to maintain communication about all matters, including procedural issues, or be subject to an action for legal malpractice. These arguments, while novel, are not based on supportable legal premises or common sense.

As the district court correctly found, the facts presented at the hearing on the exception of peremption failed to show any specific intent by Sakla to defraud the plaintiffs. The plaintiffs repeatedly refer to Sakla and Smitko as the "Defendants" in their allegations but, notably, the only specific allegation made as to Sakla in the supplemental petition is that the Sakla never "acknowledged their malpractice" to the plaintiffs. References to potential violations of the rules of professional conduct or the failure to communicate individually with clients are not sufficient to allege fraud on the part of Sakla. Rather, in order for the fraud exception to be applicable, the plaintiffs must show that Sakla had a specific intent to deceive them.

However, as the evidence submitted by Sakla and considered by the district court makes clear, there is no evidence that Sakla engaged in fraudulent behavior or with specific intent to deceive the plaintiffs. From Sakla's initial involvement with the plaintiffs' medical malpractice claim in November 2013, Smitko was the plaintiffs' sole "point of contact" for the underlying medical malpractice case, the conduit through which the Sakla communicated with the plaintiffs and vice-versa. The email exchanges, as well as the affidavit by Smitko, submitted in the record clearly show that, throughout the proceedings, Smitko remained the sole point of contact with the plaintiffs. Moreover, nothing submitted by the plaintiffs suggests

8

that they expected or sought supplementary updates or communication from Sakla at any point during the proceedings.

Moreover, there is nothing in the record to indicate that Sakla was aware or should have known of any fraud being committed by Smitko. Rather, as the district court found, the primary piece of evidence relied on by the plaintiffs (both in the initial opposition to the exception of preemption and in their brief before this court) as evidence of fraud - the email of September 30, 2014 –is inapposite. As revealed in the context of the entire chain of email exchanges, these emails were exchanged in regard to the exception of no right of action filed after Smitko submitted the initial request for a Medical Review Panel on September 26, 2014. The emails reflect a routine discussion between attorneys as to the best response to an argument raised by an opposing party. It is noteworthy that the analysis of the issue in the email exchanges is reflective of this court's jurisprudence and, initially, resulted in a district court decision in the plaintiffs' favor. The First Circuit ultimately disagreed with the analysis and that disagreement resulted in an adverse ruling for the plaintiffs, but a differing interpretation of the law is not indicative of fraudulent intent. As such, the email exchange is not evidence of a specific intent to deceive the plaintiffs by omission nor is there any discussion in the emails regarding non-disclosure of anything to the plaintiffs. Accordingly, the district court properly found that "these emails do not demonstrate any specific intent to defraud" the plaintiffs. Therefore, we find no error in the district court ruling that the fraud exception is inapplicable in this matter.

The plaintiffs' argument regarding a "duty to communicate" and the potential of a "limitation on scope of duties" is simply irrelevant. The plaintiffs assert that the district court, in failing to agree with the their argument that a

9

"failure to discharge an affirmative duty of communication on a material fact constitutes fraud by omission," thereby is allowing Sakla to "limit the duties owed to a client under the Rules of Professional Conduct." This argument misapprehends both the issue before the district court and the district court judgment. The issue before the district court was whether, given that the plaintiffs' claims were brought outside of the peremptive time periods provided by La. Rev. Stat. 9:5605(A), the fraud exception applied. Based on its review of the record evidence, the district court found (notwithstanding the plaintiffs' attempt to sidetrack the discussion with issues of professional responsibility and attorney's duty to communicate) that the fraud exception was inapplicable and, therefore, the plaintiffs' claims against Sakla were perempted. In addressing the plaintiffs' arguments, the district court clearly stated that "[a]llegations of potential violations of the rules of professional conduct or any failure to communicate in and of themselves are not sufficient to allege fraud" but, rather, "[t]here must be specific intent to deceive the plaintiffs." We agree. Even accepting *arguendo* that Sakla was negligent in relying on Smitko to communicate with the plaintiffs, there is no evidence that Sakla did so with the necessary "specific intent to defraud" and, therefore, application of the fraud exception is precluded. *See Lomont,* 160 So. 3d at 63, 68 (allegations of a potential violation of the Rules of Professional Conduct or negligent failure to communicate are insufficient, it must be an "intentional miscommunication" by an attorney with the specific intent to defraud).

*Conclusion*

After review of the record in light of the applicable law, we find no error in the district court judgment finding that the fraud exception of La. Rev. Stat.

10

9:5605(E) is inapplicable and the plaintiffs' claims against Sakla are perempted.

Accordingly, the district court judgment is affirmed.

**AFFIRMED**